James L. Martin, Appellant, v. Charles Cole et al., Appellees.

Gen. No. 43,954.

Opinion filed June 4, 1947.   Released for publication June 19, 1947.

WADE G. MORGAN, of Chicago, for appellant.

No appearance for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to recover personal property or its value. The original defendants were Cole, Fields, Peete and Jackson. The court over plaintiff's objection ordered Schuham and Company and James Selveredes, d/b/a Federal China Company, made defendants. There were cross-complaints filed but these were withdrawn from judgment. On successive motions by plaintiff, the first, second and third Defences of Cole and Fields were stricken. Issue was joined on their fourth amended Defence. At the close of plaintiff's case the court entered judgment for defendants. Plaintiff appealed, but, on his motion, the appeal was dismissed in the trial court. Subsequently, we allowed his petition for leave to appeal within one year. (Sec. 76 C. P. A. and Rule 19 of the Appellate Court.) No answers or briefs were filed in this court by the defendants.

From his testimony it appears that several months before February 1945, he was engaged to manage the Pershing dining room and kitchen in the Pershing Hotel, Chicago; that he purchased and installed sundry articles of kitchen and dining room ware, utensils and equipment; that about the middle of February 1945, Cole and Fields told him they had leased the kitchen and dining room to Peete and Jackson; that February 28th they told him to leave the premises; and that they refused to let him take his personal property, referred to above.

At the close of plaintiff's testimony the court found that there was no testimony as to who had possession and no testimony of demand by plaintiff or of the value of the property.

■■ Plaintiff claims the court committed error in applying the Civil Practice Act to ruling on matters of pleading and practice. He cites *Robinson v. Peterson*, 40 Ill. App. 132 to support his claim that the action of Detinue is not obsolete in this State. Section 31 of the Civil Practice Act, Chap. 110, Par. 155,

[Jones Ill. Stats. Ann. 104.031] abolished distinction in names, forms and pleading of law actions in this State. There is no statute regulating procedure in Detinue actions and hence the Practice Act applies to any proceeding which would formerly have been a Detinue action. (Sec. 1 C. P. A.) For convenience in conducting Municipal Court business, this kind of action falls under the classification Detinue and certain forms of statements of claim in that court are so captioned. (Municipal Court Rule 1.) The same abolition of distinctions, however, provided in Section 31 of the Civil Practice Act is repeated in the Municipal Court Rule No. (1), (2). We think the court properly applied the Civil Practice Act in its rulings.

■ ■ We see no merit to plaintiff's contention that the Defence of Cole and Fields was insufficient to deny more than detention and that it admitted other allegations. We think the formal plea which Cole and Fields interposed in effect neither admitted nor denied the allegations and put plaintiff on proof. It is true that no affidavit was filed in connection with this Defence. Plaintiff did not attack this pleading, however, as he had previous pleadings of these defendants. On the contrary, after it was filed, he moved to bring the cause on for trial. We, therefore, hold that he waived the formal deficiencies in defendants' pleading.

■ Plaintiff complains that the court committed error in ordering the additional defendants. It is sufficient to say that we see no prejudice to plaintiff in this action. The same is true with reference to plaintiff's complaint that the court improperly permitted the counterclaims "in Detinue." The record shows that the counterclaims were withdrawn.

Finally, we think the court made proper findings and entered a correct judgment.

■ ■ In actions of this kind, certainty is required in the specification of the property demanded and its

value. (16 Am. Jur. p. 953.) In the case before us there was almost a complete lack of certainty, not alone as to proof of specific property and its value, but also as to plaintiff's ownership and as to the question of who possessed it at the time of filing suit or at trial. (16 Am. Jur. 952.) We do not see what judgment could have been entered in favor of plaintiff. We think the proof of the formal demand was not necessary under the circumstances in this case. 26 C. J. S. p. 1268. This does not change our conclusion, however, that the court's judgment was right.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*

LEWE, P. J., and BURKE, J., concur.