James W. Johnson, Appellee, v. Commercial Credit Corporation, Appellant.

Gen. No. 44,780.

 Opinion
filed November 21, 1949. Released for publication December 2, 1949.

OLSON & HANELIN, of Chicago, for appellant.

ELLIS & WESTBROOKS, of Chicago, for appellee; ALVIN A. TURNER, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brings his action in detinue in the municipal court of Chicago to recover the value of an automobile, alleged to have been unlawfully detained by defendant, and for $500 special damages for the alleged detention. There was a trial with a jury and a verdict for plaintiff for $1,300. The trial court ordered a remittitur of $250 and entered judgment for $1,050, from which this appeal is prosecuted.

Plaintiff purchased the secondhand automobile in question and executed a conditional sales contract. The purchase price was $1,700, upon which plaintiff made a down payment of $800, the balance to be paid in 15 instalments of $77.31 each. The contract on its face indicated that the car was to be used for pleasure. It reserved title in the seller until the purchase price was fully paid. There was no prohibition in the contract against the use of the automobile as a taxicab. The contract further provided:

123

"If purchaser defaults on any obligation under this contract, or if holder should deem itself or said Car insecure, the full balance shall without notice become due forthwith, . . . and holder may, without notice or demand . . . lawfully enter any premises where the Car may be found, take possession of it . . . and retain all payments as compensation for the use of the Car while in Purchaser's possession. The Car may be sold with or without notice at private or public sale . . . ."

It appears that on October 27, 1947, upon information allegedly received by defendant that plaintiff was using the automobile as a taxicab, defendant requested plaintiff to bring the automobile to its office. In response to the call plaintiff brought the car to the offices of defendant and had a talk with a representative of defendant, in which conversation plaintiff denied he was using the automobile as a taxicab. The car needed repairs and was in no condition to be used as a taxicab. While defendant's representative was engaging plaintiff in the conversation, another agent of defendant moved the car, and defendant took possession of it. Defendant then advised plaintiff that he would have to take out taxicab insurance, which would require a payment of $600 a year in premiums. Plaintiff protested against paying that much in premiums and stated that he could obtain such insurance from a different source for $225 or $230 per year less than the figure quoted by defendant. Defendant demanded payment of him, and on November 5, 1947 at about 11:30 in the morning, tender was made on behalf of plaintiff to defendant in the amount of $950, and an offer to pay as much more as was needed to save the car. Plaintiff was then notified the car had been sold.

 There is no evidence in this record that plaintiff had actually used the car as a taxicab. Whether

or not, under all the circumstances, defendant was justified in taking possession of the car under the insecurity clause in the contract was primarily a question of fact for the jury to determine. We should not disturb the verdict unless we can say it is against the manifest weight of the evidence. We are impressed, from a review of the evidence, that defendant took an unfair advantage of plaintiff. It had no legal justification for taking possession of the car in the absence of any default on the part of the plaintiff and without any evidence to justify the claim of insecurity. Nor can we say that the verdict is excessive under the evidence introduced as to value.

Complaint is made as to the instructions given for the plaintiff, and we find no merit in the objections made against them.

██ Defendant also urges that in order to maintain the instant action, plaintiff would have to show a general or special property right in the automobile. Upon this question, the evidence discloses that plaintiff had paid $800 on account of the purchase price and had made improvements upon the car costing $180. Unless he was in default, or the defendant justified in taking possession under the insecurity clause, plaintiff was entitled to retain possession of the car, therefore the right of action accrued. *Robinson v. Peterson,* 40 Ill. App. 132; *Martin v. Cole,* 331 Ill. App. 597.

We consider defendant has had a fair trial, and that the judgment is correct. It is therefore affirmed.

*Affirmed.*

TUOHY, P. J., and NIEMEYER, J., concur.