Libby Furniture & Appliance Co., a Corporation, Plaintiff-Appellant, v. Ronald Nabors and Oma Nabors, Defendants-Appellees.

Gen. No. 51,222.

First Judicial District.

September 6, 1967.

Rehearing denied October 13, 1967.

Norton R. Goldberg, of Chicago, for appellant.

Edward Levett, of Chicago, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of The Municipal Court of Chicago, First Municipal District of the Circuit Court of Cook County, dismissing wage deduction proceedings brought under the provisions of the Garnishment Act. (C 62, Ill Rev Stats § 71, et seq.)

On June 21, 1965, plaintiff filed its complaint in which it alleged that the defendants, Ronald Nabors and Oma Nabors, detained from plaintiff a television set, that demand was made upon the defendants for its return, that defendants wilfully and maliciously refused to return to plaintiff the described chattel, and that its value was $182.20. The complaint is on a printed form headed "Complaint—Detinue."

Service was effected by personal service on defendants of a second alias summons. Defendants defaulted, and on October 7, 1965, the court entered a judgment order which, in part, provides: " 'THE COURT FINDS THE DEFENDANTS GUILTY IN DETINUE OF PROPERTY DESCRIBED IN PLAINTIFF'S STATEMENT OF CLAIM.'

"Judgment against defendant for One Cent and damages and costs and that execution issue against defendant, RONALD NABORS, for restoration of certain personal property to plaintiff and if said property cannot be found for value thereof ONE HUNDRED FIFTY AND NO/100 DOLLARS ($150.00) together with said damages and costs."

On November 18, 1965, plaintiff filed an "Affidavit for Wage Deduction Order" requesting that summons issue directed to the employer of the defendant, Ronald Nabors, hereafter referred to as defendant.

382

Following service on his employer, defendant filed a motion praying that the summons be quashed on the following grounds:

"1. The wage deduction action is brought prematurely.

"2. The plaintiff has failed to order an execution for the restoration of the property sought in the within cause.

"3. The plaintiff has failed to cause to be served upon the defendant, an execution seeking restoration of the property sought in the within action."

Plaintiff filed a document styled "Objection to Motion to Quash Wage Deduction Summons" and on December 17, 1965, the court entered an order denying plaintiff's objection to the motion, and quashing the wage deduction summons. The order further provides: "It is further ordered by the Court that the wage deduction proceedings be and they are hereby dismissed.

"Appeal Bond set at TWO HUNDRED DOLLARS ($200.00)."

This appeal followed.

Defendant's contentions here are adequately stated in the quoted portion of his motion. Plaintiff contends that it was not necessary that execution be ordered by plaintiff or served on defendant prior to issuance of the wage deduction summons, and the court erred in quashing the summons and dismissing the wage deduction proceedings.

The parties are in agreement that wage deduction proceedings based upon a money judgment may be instituted without execution on the judgment. (C 62, § 74.) The issue here, simply stated, is whether, because the judgment grants plaintiff the return of the property, and if not returned, a judgment for money, execution be-

comes a necessary precedent to a wage deduction proceeding.

Although the Civil Practice Act abolished the distinctions in the names, forms and pleading of actions (c 110, § 31, Ill Rev Stats 1965), the Municipal Court, for convenience, continued to use the designation "Detinue" for those cases in which plaintiff sought the remedy available in Detinue under the common law, Martin v. Cole, 331 Ill App 597, 73 NE2d 633; Johnson v. Commercial Credit Corp., 339 Ill App 122, 88 NE2d 737. Although now a part of the Circuit Court of Cook County, the Municipal Court has continued to use the same designation.

There are no specific statutory provisions for an action in detinue, therefore, the Civil Practice Act applies. Martin v. Cole, (supra).

Section 50 of the Civil Practice Act provides in part, "(1) The court shall determine the rights of the parties and grant to any party any affirmative relief to which he may be entitled on the pleadings and proofs. Judgments and decrees shall be in the form required by the nature of the case and by the recovery or relief awarded." Clearly, the judgment entered here is authorized by this section.

Defendant argues that since the judgment is in the alternative, first, for the restoration of the property, and second, if the property cannot be restored, a judgment for the recovery of money, the plaintiff must cause execution to issue for return of the property, and only if satisfaction is not thus achieved, does the judgment for money become operative. He argues further that since Illinois has no statute governing detinue the common-law rule applies. The common-law rule, defendant contends, is that defendant may select which of the alternative methods of satisfying the judgment he will follow, i. e. return of the goods or payment of the money,

384

and he is not required to choose the method until served with execution.

Plaintiff argues that it is plaintiff who may elect between return of the property and recovery of the money. Historically, the choice seems to be defendant's, and the rule is stated by Blackstone (Cooley's Blackstone Fourth Edition, Vol 3, p 413) as follows: "In detinue, after judgment, the plaintiff shall have a distringas, to compel the defendant to deliver the goods, by repeated distresses of his chattels: (g) or else a scire facias against any third person in whose hands they may happen to be, to show cause why they should not be delivered: and if the defendant still continues obstinate, then (if the judgment hath been by default or on demurrer) the sheriff shall summon an inquest to ascertain the value of the goods, and the plaintiff's damages: which (being either so assessed, or by the verdict in case of an issue), (h) shall be levied on the person or goods of the defendant. So that, after all, in replevin and detinue (the only actions for recovering the specific possession of personal chattels), if the wrongdoer be very perverse, he cannot be compelled to a restitution of the identical thing taken or detained; but he still has his election to deliver the goods or their value: (i) an imperfection in the law, that results from the nature of personal property, which is easily concealed or conveyed out of the reach of justice, and not always amenable to the magistrate."

In our opinion, however, the decision of the issue presented does not rest upon whose prerogative it is to select the means of satisfaction of the judgment.

█ It is obvious that in enacting the legislation relating to wage deductions, the General Assembly intended that the procedures be simplified, the costs held to a minimum, and the employee given every possible protection against harassment. The amendment to the Garnishment Act enacted in 1953 dispensed with the necessity of issuing execution, and the repeal of section 34 in

385

1961 dispensed with the need for making a written demand. By providing that the employer shall pay the employee the amount of his exempt wages, the statute imposes upon the employer the duty previously imposed by judicial decisions, (Chicago & Alton R. Co. v. Ragland, 84 Ill 375; Markus for Use of Guditus v. Hart, Schaffner & Marx, 284 Ill App 166, 1 NE2d 699), to ascertain and claim for the employee the benefit of the wage exemption to which he is entitled. The statute also provides that a summons in a wage deduction proceeding be "accompanied by a copy of the underlying judgment or a certification by the clerk of the court issuing the judgment, or by the attorney for the judgment creditor setting forth the amount of the judgment, the name of the court and the number of the case", (c 62, § 74). No such provision is contained in the sections providing for summons in garnishment proceedings other than those seeking a wage deduction order (c 62, §§ 33–36).

■ With the judgment upon which the wage deduction proceeding is based identified in detail as required by section 74, it becomes a simple matter for the employer to advise the employee of the basis upon which his wages are being held. If the employee contends that the judgment creditor is not entitled to a deduction order because the judgment has been satisfied by payment or other means, or that the judgment is not enforceable, he may appear in the proceeding, and defend. Ihorn v. Wallace, 88 Ill App 562.

■ With regard to defendant's contention that he is not required to elect the method of satisfying the judgment until execution is issued, we fail to perceive why the choice may not be made as effectively as a matter of defense to the wage deduction proceeding. In our opinion, to require issuance of execution would be to restore a requirement which the General Assembly sought to obviate, and would add nothing whatsoever to the

safeguards which the General Assembly intended to provide.

For the reasons herein set forth the judgment of the Municipal Court of Chicago, First Municipal District of the Circuit Court of Cook County is reversed and the cause remanded, with directions to vacate the order of dismissal and reinstate the cause, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.