**William Keen, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, and James B. Conlisk, Superintendent of the Chicago Police Department, Defendants-Appellees.**

**Gen. No. 54,528.**

First District, Fourth Division.

October 21, 1970.

Witt & Witt, of Chicago, for appellant.

Richard L. Curry, Acting Corporation Counsel of City of Chicago (Marvin E. Aspen and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiff brought an action in detinue against defendants for the recovery of the sum of $1,180. The court, sitting without jury, entered judgment against plaintiff, who now appeals. The ABC-Great States, Inc., was allowed to participate in this appeal as amicus curiae.

Plaintiff contends that the court erred in finding the issues in favor of defendant.

EVIDENCE

WILLIAM KEEN, testified on his own behalf:

He lives at 3040 North Parkside in the City of Chicago with his parents and his brother Robert Keen. On August 5, 1968, to the best of his knowledge, there was the sum

302

of $1,422 on the premises. This was money he had earned. He intended to use this money to purchase a motor vehicle. He is in court claiming $1,180. (Leave was granted during the trial to amend the complaint reducing the amount claimed from $1,422 to $1,180.)

On cross-examination plaintiff testified:

He is 21 years of age and filed this lawsuit almost a year after the currency was seized. He earned the money by working for $89 a week. The money was kept in his drawer in his bedroom. His brother Robert had his own bedroom. The money he seeks to recover consisted of ten- and twenty-dollars bills. There were no wrappers around the money nor was the money in any container. It was placed under some clothes in the drawer. He counted the money every week and had accumulated the total amount over a period of about a year.

The foregoing is the only evidence plaintiff adduced in support of his allegations.

DETECTIVE G. WENDELL was called on behalf of defendants and related:

On August 5, 1968, he went to 3040 North Parkside Avenue, with a search warrant and proceeded to the second-floor apartment. Upon announcing his office, he was admitted by plaintiff's mother who was given a copy of the search warrant which authorized the search of Robert Keen's premises. She showed them Robert's bedroom and accompanied them into it. She was present when the search revealed a First National Bank bag which contained ten- and twenty-dollar bills. This money was found under the only bed in Robert Keen's bedroom. This bedroom was off the dining room. There was another bedroom to the front which the mother advised was plaintiff's bedroom. There was a third bedroom off the kitchen. Robert's bedroom was the middle bedroom. The witness also found another First National Bank bag in a box, also in Robert's room. The bag contained rolled silver with First National Bank legends on the wrappers. Alongside the north wall of Robert's bedroom a small leather suitcase was opened and the witness found a third First National Bank bag containing five-dollar bills. They looked into plaintiff's room, but did not enter it. They were advised by a man on the first floor of the building

that he was an attorney and that they could not enter plaintiff's bedroom. The items sought by the service of the search warrant were camera equipment, but they were not found on the premises.

In the criminal trial of Robert Keen on December 4, 1968, the motion to suppress the money seized was sustained. At the conclusion of the hearing, plaintiff's brother, who was the defendant in that criminal proceeding, asked for the return of the money that was seized on August 4, 1968 by this witness. Robert said it was his and he wanted it back.

On cross-examination Officer Wendell testified:

The landlord did not admit them into the apartment, but plaintiff's mother did. She appeared to have difficulty with her leg and could not walk well. She did not appear to be ill or emotionally retarded. She indicated which brother occupied the respective bedrooms. The police were on the premises for approximately half an hour. There were about four or five officers, none of whom had ever been there previously nor subsequently. The First National Bank never made a claim for the money, but Robert Keen, plaintiff's brother, at the time of trial, asked for its return.

OPINION

Plaintiff contends that since the money was not contraband, defendant had a legal obligation to return it to plaintiff, who established his ownership rights to it.

In his action in detinue, plaintiff must rely on the strength of his own title or right to possession of the funds rather than any alleged wrongful detention by defendant. Germania Club v. City of Chicago, 332 Ill App 112, 114, 74 NE2d 29 (1947). It is the duty of the court to weigh the testimony and reach a finding, and that finding will not be set aside unless it is against the manifest weight of the evidence.

A review of the evidence discloses a woeful lack of evidence to support plaintiff's cause of action. Plaintiff's evidence consists wholly of his own testimony. He testified that the money he had saved, consisted of ten- and twenty-dollar bills which were secreted under clothes in a drawer in his room. However, Detective Wendell testified that the money seized by defendants pursuant

to the search warrant consisted of silver and five-, ten- and twenty-dollar bills which were found in First National Bank bags secreted in various places in the bedroom of plaintiff's brother, who after his discharge in the criminal proceeding asserted his right and claim to the money. Detective Wendell further testified that the police officers never entered plaintiff's room. It is noted that neither plaintiff's mother nor his brother were called upon by plaintiff to testify in support of his cause of action or to refute Officer Wendell's testimony.

In Milhahn v. Sapp, 338 Ill App 12, 86 NE2d 667 (1949) this court stated at page 18:

> "The trial court saw and heard the witnesses. The court found that the plaintiff was not entitled to the possession of the property in question. There was evidence from which the court has so found and since this finding was not against the manifest weight of the evidence nor manifestly wrong, it will not be reversed upon appeal."

In view of the foregoing, we affirm the judgment.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.