L & LC Trucking Co., Plaintiff-Appellee, *v.* Jack Freeman Trucking Co., Defendant-Appellant.

First District (5th Division) No. 61441

Opinion filed January 23, 1976.

Stiefel, Levinson & Komie, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by defendant from a judgment after a bench trial in a detinue action awarding plaintiff possession of a truck, some tires, and damages for their wrongful detention. The issues presented for review concern (1) whether plaintiff adequately established a superior right to possession; and (2) whether the evidence supported the award of damages for wrongful detention.

Plaintiff has failed to file a brief, although granted an extension of time in which to do so. In such situations, we are empowered to summarily reverse the judgment. (*People ex rel. Pullman Bank & Trust Co. v. Fitzgerald,* 14 Ill.App.3d 247, 302 N.E.2d 429.) However, we feel that the interests of justice are best served by considering this case on its merits.

It appears that plaintiff leased several trucks to defendant under an arrangement permitting plaintiff to continue to use the vehicles. A dispute arose concerning the balance due between the parties on their business transactions, and defendant refused to allow plaintiff access to any of the trucks. Defendant eventually returned all of the trucks except one which was being repaired in defendant's garage, and plaintiff filed an emergency detinue action asking the return of the truck, 10 truck tires, and $2,000 damages for their detention.

In its answer, defendant alleged it had possession of the truck and tires by virtue of a statutory garageman's lien for storage charges and the cost of fuel furnished. It also filed a counterclaim for an alleged balance due for goods and services furnished and rent unpaid. The counterclaim was severed and the case proceeded to trial on the issue of which party was entitled to possession. Judgment was entered giving plaintiff possession of the truck and tires or, in the alternative, their value—which it found to be $6,000. Damages for wrongful detention of the truck in the amount of $71.88 per day (from January 15, 1973, to the date that possession was surrendered) were also awarded to plaintiff. The court also found that there was no just cause for delay of appeal.

OPINION

██ Initially, we note that although section 31 of the Civil Practice Act has abolished the distinction in names, forms and pleading of law actions

which could include the proceeding formerly known as detinue (*Martin v. Cole*, 331 Ill.App. 597, 73 N.E.2d 633), plaintiff's action was filed on printed forms of the circuit court entitled "Complaint-Detinue," and the matter was treated in the trial court and in defendant's brief as the still existing common law remedy of detinue—the gist of which is that defendant is wrongfully in possession of personal property belonging to plaintiff. (*Gary Acceptance Corp. v. Napilillo*, 86 Ill.App.2d 257, 230 N.E.2d 73.) A finding for plaintiff is proper in detinue where it is established that his right to possession is superior to that of defendant. *Germania Club v. City of Chicago*, 332 Ill.App. 112, 74 N.E.2d 29.

Here, defendant claims the truck and tires were stored in its garage and that it was entitled to withhold possession of the truck because of a statutory garageman's lien. (Ill. Rev. Stat. 1973, ch. 82, par. 40.) This contention, of course, assumes that defendant was validly in possession of the property in the first instance.

Plaintiff's president testified that the truck involved was owned by plaintiff and was being repaired by it in space that he had orally leased in defendant's garage. Thus, plaintiff contends that it, and not defendant, was entitled to possession of the portion of the garage it had leased and that the issue of whether defendant had a lien on the truck was ancillary to the emergency detinue action in which the right to possession was the only issue involved.[1]

■■■ The question of whether the plaintiff had a superior possessory interest in the truck was a question of fact which will not be disturbed on review unless it was against the manifest weight of the evidence. (*Wallace v. Blue Cross Hospital Service, Inc.*, 13 Ill.App.3d 803, 300 N.E.2d 531.) While the basis for the trial court's determination is not apparent in the order awarding possession of the truck to plaintiff, the order will be affirmed if it is supported in law on any ground appearing in the record. (*Victorian Inns, Inc. v. Benda*, 22 Ill.App.3d 247, 317 N.E.2d 287.) It is our opinion that sufficient evidence was presented here to enable the trial judge to find that plaintiff had a right to possession of that portion of the garage in which the truck was located by virtue of an oral lease, testified to by plaintiff's president and not specifically denied by defendant's president. From this, we believe that the court correctly concluded that plaintiff's right to possession of the truck was superior to that of defendant and the latter had no right to detain the truck.

---

[1] This is not to say that defendant might not have had a right to detain the truck for rent. (Ill. Rev. Stat. 1973, ch. 80, par. 16.) However, this remedy was not sought and is inconsistent with the lien theory relied on by defendant.

Defendant's other contention is that plaintiff's president should not have been allowed to testify concerning the rental cost of a truck to establish damages for its wrongful detention, because no truck had in fact been rented and his testimony as to such cost was not otherwise supported.

As a general rule, the measure of damages in a detinue action is the rental value of the chattel during the period of the wrongful detention. (*Cottrell v. Gerson,* 371 Ill. 174, 20 N.E.2d 74.) It is immaterial whether the plaintiff actually rented a replacement, since damages are awarded as compensation to the owner of the chattel for being wrongfully deprived of the use and enjoyment of the chattel. In essence, defendant is regarded as having rented the detained chattel from the plaintiff for the period of the wrongful detention. See 26A C.J.S. *Detinue* § 23b(1) (1956).

■■ Further, inasmuch as the record reflects that plaintiff's president had been in the trucking business for a number of years, we believe the court properly received his testimony as to the rental value of the detained truck. The cases cited by defendant are inapposite, as they each involved situations where a plaintiff's testimony concerned highly speculative lost profits. See *Locklin v. Day-Glo Color Corp.,* 429 F.2d 873 (7th Cir. 1970), *cert. denied,* 400 U.S. 1020; *Tonchen v. All-Steel Equipment, Inc.,* 13 Ill.App.3d 454, 300 N.E.2d 616.

Defendant does not contest that portion of the trial court's order valuing the truck and tires at $6,000, which indicates to us that it accepted the alternative provided in the order of giving possession of the truck to plaintiff. We note, however, that this case was tried as an emergency matter and, because of the nature of the court's daily calendar, only the possession issue was tried. Defendant's counterclaim, which had been severed and may remain pending, is not affected by our holding here.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.