ARCADIA UPHOLSTERING, INC., Plaintiff-Appellant, v. 165 RESTAU-RANT, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—156

Opinion filed October 28, 1987.

R. S. Mainone, of Chicago, for appellant.

Steven M. Levy, of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee Canal Randolph Associates, Inc.

Coffield, Ungaretti, Harris & Slavin, of Chicago (Julie S. Chatz and Donna M. Adler, of counsel), for appellee La Salle National Bank.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Arcadia Upholstering, Inc., brought an action in detinue against defendants, 165 Restaurant, Inc., Canal Randolph Associates,

Inc., and La Salle National Bank as trustee, for the value of, or return of, restaurant booths. The trial court granted Canal Randolph's and La Salle's motions to dismiss on the basis that plaintiff did not have a superior property interest under section 9—301(1)(c) of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 9—301(1)(c).) The trial court denied plaintiff's request for discovery, and assessed attorney fees and costs against plaintiff for failure to appear at a hearing. Plaintiff appeals from these orders, contending that Canal Randolph converted the restaurant booths in which plaintiff had a superior security interest, that La Salle had knowledge of plaintiff's interest in the booths, and that the assessment of attorney fees was an abuse of discretion. (165 Restaurant is not a party to this appeal, and the record on appeal does not indicate its present status.)

Canal Randolph originally rented the property at issue to 400 Restaurant. In November 1982, the 400 Restaurant entered into a security agreement with Canal, giving Canal a security interest in "the following described goods and any and all additions and accessions thereto (hereinafter called the 'collateral'): all of the trade fixtures, equipment, utensils, furnishings, accessories, chattels, and personal property." On November 10, 1982, plaintiff and 400 Restaurant entered into an agreement providing that plaintiff would construct restaurant booths. On March 31, 1983, plaintiff entered into a security agreement and chattel mortgage with 400 Restaurant to secure an indebtedness of $10,000 remaining to be paid by 400 Restaurant for the booths. On May 5, 1983, Canal Randolph filed a financial statement with the Secretary of State pursuant to the Uniform Commercial Code in order to perfect its security interest in the collateral. On May 12, 1983, plaintiff filed a financing statement regarding the booths with the Cook County recorder of deeds.

Subsequently, 400 Restaurant defaulted in the payment of its rent and vacated the property. Canal Randolph terminated the lease and took possession of its property and collateral, and consequently had possession of the booths. In May 1984, Canal Randolph leased the property to 165 Restaurant.

On September 5, 1984, Canal Randolph sold the property to La Salle as trustee. The sale, which was accomplished through land trust transactions, was completed on November 1, 1984, when Canal Randolph assigned its entire beneficial interest in the property to Citibank.

The contract of sale between Canal Randolph and La Salle provides that the sale included "all building equipment, fixtures and personalty *** located on or in the Real Estate." The agreement also

stated that Canal Randolph "represents and warrants to Purchaser that, as of the date hereof, *** [Canal Randolph] is the owner of the Equipment."

On February 12, 1986, plaintiff filed the present action in detinue. On March 14, 1986, the complaint was dismissed for want of prosecution. On April 3, 1986, the court permitted plaintiff to reinstate the action, and on May 20, 1986, plaintiff filed its third amended complaint. Plaintiff seeks to recover the booths on their value. On June 30, 1986, Canal Randolph and La Salle filed motions to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), on the basis that La Salle had a property interest in the booths superior to that of plaintiff.

Pursuant to an agreed order, the motion to dismiss was set for hearing on July 16, 1986. Plaintiff did not appear at that hearing. After hearing defendants' arguments, the trial court granted the motions to dismiss the action with prejudice.

On July 31, 1986, plaintiff filed a motion to vacate the order of dismissal, and the court subsequently granted that motion. After hearing arguments from all parties, on October 17, 1986, the trial court again granted defendants' motions to dismiss. The court found that plaintiff could not show a property interest superior to La Salle's interest. The trial court also ordered plaintiff to pay $400 each to La Salle and Canal Randolph as attorney fees incurred as a result of plaintiff's failure to appear at the July 16 hearing.

■■ Plaintiff first contends that it has a security interest in the booths. In order to recover the booths or their value in detinue, plaintiff must show that its property interest in the booths is superior to La Salle's property interest. (*L & LC Trucking Co. v. Jack Freeman Trucking Co.* (1976), 36 Ill. App. 3d 186, 343 N.E.2d 716; *Keen v. City of Chicago* (1970), 130 Ill. App. 2d 300, 264 N.E.2d 721.) Plaintiff argues that its security interest in the booths was created on March 31, 1983, when the previous tenant, 400 Restaurant, signed a security agreement conveying to plaintiff its interest in the booths for collateral purposes. Plaintiff asserts that this gave it a purchase money security interest in the booths. See Ill. Rev. Stat. 1985, ch. 26, par. 9—203(1)(a); see also *First Galesburg National Bank v. Martin* (1978), 58 Ill. App. 3d 113, 373 N.E.2d 1075.

As to Canal Randolph, plaintiff argues that Canal Randolph had no security interest because the security agreement did not provide that after-acquired property would secure the prior indebtedness. Plaintiff maintains that its security interest was enforceable even though the necessary financing statement was improperly filed.

As to La Salle, plaintiff argues that La Salle is not a purchaser for value without notice. Plaintiff contends that La Salle knew, or should have known, of plaintiff's filing with the recorder of deeds, and knew the property it purchased was either a collateral interest which was never foreclosed upon or that Canal Randolph had no interest whatsoever in the property.

■ Plaintiff held only an unperfected security interest in the booths. The security agreement and chattel mortgage attempted to secure a $10,000 debt which 400 Restaurant owed to plaintiff. Plaintiff, however, failed to perfect the security interest when it failed to file a financing statement with the Illinois Secretary of State. A financing statement must be filed to perfect all security interests, except for certain limited categories which are not relevant here. Ill. Rev. Stat. 1985, ch. 26, par. 9—302; see also Ill. Rev. Stat. 1985, ch. 26, par. 9—303.

Section 9—302 requires the filing of a financing statement to perfect all security interests. (Ill. Rev. Stat. 1985, ch. 26, par. 9—302.) A security interest is not perfected unless all applicable steps required for perfection have been taken. (Ill. Rev. Stat. 1985, ch. 26, par. 9—303.) Section 9—401 provides that farm equipment and related accounts and intangibles are to be filed in the office of the recorder of deeds. (Ill. Rev. Stat. 1985, ch. 26, par. 9—401(1)(a).) Timber, mineral fixtures, and related items are to be filed in the office where a mortgage on the real estate would be filed. (Ill. Rev. Stat. 1985, ch. 26, par. 9—401(1)(b).) In all other cases, the filing is to be made in the office of the Secretary of State. (Ill. Rev. Stat. 1985, ch. 26, par. 9—401(1)(c).) The restaurant booths fall under section 9—401(1)(c), and therefore the financing statement should have been filed in the office of the Secretary of State. Plaintiff improperly filed the financing statement in the office of the recorder of deeds.

■ Plaintiff's financing statement filed with the Cook County recorder of deeds was apparently a fixture filing. Goods are "fixtures" when they become so related to particular real estate that an interest in them arises under real estate law. (Ill. Rev. Stat. 1985, ch. 26, par. 9—313.) The booths are not "fixtures." Instead, they are classified as "equipment," which includes items used or bought for use primarily in business or if the goods are not included in the definitions of inventory, farm products or consumer goods. (Ill. Rev. Stat. 1985, ch. 26, par. 9—109(2).) Since the booths are used primarily for business, they are "equipment" and a financing statement filed with the Secretary of State was required to perfect plaintiff's interest in the property. Moreover, the execution of a chattel mortgage between two parties

indicates the item is not a fixture. (*Landfield Finance Co. v. Feinerman* (1972), 3 Ill. App. 3d 487, 279 N.E.2d 30; *Thuma v. Granada Hotel Corp.* (1933), 269 Ill. App. 484.) In addition, plaintiff describes the booths as personalty, rather than fixtures, in its complaint. Moreover, even if it were meant to be a fixture filing, it fails to meet the applicable requirements in section 9—402(5).

■ Plaintiff also argues that it was not required to file a financing statement because it had a purchase money security interest in the booths. The only purchase money security interest exempt from the financing statement filing requirement is an interest in consumer goods. (Ill. Rev. Stat. 1985, ch. 26, pars. 9—302(1)(d), 9—307(2).) "Consumer goods," however, are goods used or bought for use primarily for personal, family or household purposes. (Ill. Rev. Stat. 1985, ch. 26, par. 9—109(1).) The restaurant booths were not used or bought for personal, family or household purposes. They were ordered, manufactured, installed and subsequently sold as goods used only in a business setting.

Plaintiff, therefore, has an unperfected security interest in the booths. Section 9—301 sets forth a priority of conflicting interests when one interest is secured but has not been perfected. An unperfected security interest is subordinate to the rights of persons who are buyers not in the ordinary course of business to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected. (Ill. Rev. Stat. 1985, ch. 26, par. 9—301(1)(c).) An examination of each of these factors reveals that plaintiff's interest in the booths is subordinate to defendants' interest.

La Salle is not a buyer in the ordinary course of business. A "buyer in the ordinary course of business" is one who, in good faith and without knowledge that the sale to him is in violation of ownership rights or security interests of a third party in the goods, buys the goods in ordinary course from a person in the business of selling goods of that kind. (Ill. Rev. Stat. 1985, ch. 26, par. 1—201(9).) Canal Randolph is not in the business of selling restaurant booths.

■ Plaintiff argues that La Salle had knowledge of plaintiff's interest in the booths. The burden is on the holder of the unperfected security interest to show that the judgment creditor had knowledge of the unperfected security interest when he obtained the lien. (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 236 N.E.2d 425.) Plaintiff has failed to show that, at the time La Salle received delivery of the property in question, it had notice of plaintiff's interest in the booths.

■ Plaintiff contends that La Salle knew of Canal Randolph's in-

terest in the restaurant equipment because of its financing statement. "It was also aware, or should have been aware of Arcadia's filed interest, although filed in the improper place ***." Plaintiff also maintains that Canal Randolph's financing statement recited that all equipment of 400 Restaurant was included in the security agreement. Plaintiff apparently urges the court to impose on La Salle the duty of searching the records of the recorder of deeds. We reject the suggestion. It is the secured party's responsibility to file the financing statement in the proper place. Ill. Rev. Stat. 1985, ch. 26, pars. 9—302, 9—401.

In addition, La Salle's knowledge concerning whether Canal Randolph's security interest was unperfected is not relevant because section 9—301 is meant to protect buyers not in the ordinary course of business against claims of persons who hold unperfected security interests, as long as the buyer has no knowledge of the claimant's interest. (Ill. Rev. Stat. 1985, ch. 26, par. 9—301(1)(c).) Claimant here is plaintiff, not Canal Randolph. Thus, La Salle's knowledge concerning whether Canal Randolph had a perfected security interest is irrelevant. Moreover, even if it were relevant, Canal Randolph expressly represented that it had good title to the booths.

For these reasons, we find that the trial court properly found that, under section 9—301(1)(c), plaintiff's unperfected security interest is subordinate to La Salle's perfected security interest. Ill. Rev. Stat. 1985, ch. 26, par. 9—301(1)(c).

Plaintiff also maintains that La Salle took only as good a title to the booths as Canal Randolph possessed. Section 9—301(1)(c) imposes no such requirement as a prerequisite to protection.

Plaintiff contends further that, if Canal Randolph or La Salle are secured parties, they were under an obligation to dispose of the collateral pursuant to section 9—504, in a commercially reasonable manner. (Ill. Rev. Stat. 1985, ch. 26, par. 9—504.) Section 9—504 provides that collateral may be sold by a secured party after default by a debtor only on commercially reasonable terms. This section does not apply to La Salle because it has never been a secured party seeking to dispose of the property after the default by a debtor. Moreover, this section imposes no obligation on a secured party to dispose of collateral. (Ill. Rev. Stat. 1985, ch. 26, par. 9—504.) Instead, it merely defines a secured party's *right* to dispose of collateral after default.

Plaintiff asks this court, if it holds that plaintiff's interest is not superior, to permit plaintiff reasonable discovery "to test La Salle's position that it had no knowledge of Arcadia's interest." Plaintiff did not seek discovery at any time prior to this appeal and cannot raise

136

the issue for the first time on appeal. See *Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.

■ Plaintiff finally contends that the trial court abused its discretion in assessing attorney fees. It is within the discretion of the trial court to award attorney fees and costs, and we will not disturb that decision absent a clear abuse of discretion. (*Precision Components, Inc. v. Kapco Communications* (1985), 131 Ill. App. 3d 555, 475 N.E.2d 1071.) Plaintiff failed to appear for a hearing on La Salle's motion to dismiss, disregarding an agreed order. Defendants consequently incurred legal fees and costs in connection with the need to argue the motion to dismiss twice and defend against plaintiff's motion to vacate the July 1986 order dismissing the cause with prejudice. The trial court awarded defendants only one-half the fees and costs they claimed to have incurred. We find no abuse of discretion. See *Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 198 N.E.2d 326, *cert. denied* (1965), 379 U.S. 964, 13 L. Ed. 2d 558, 85 S. Ct. 655.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's action is affirmed.

Judgment affirmed.

WHITE and FREEMAN, JJ., concur.