# Illinois Official Reports

## Appellate Court

---

### *Koerner v. Nielsen*, 2014 IL App (1st) 122980

---

| | |
|---|---|
| Appellate Court Caption | JENNIFER L. KOERNER, Plaintiff-Appellant, v. KENT C. NIELSEN, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-12-2980 |
| Filed | March 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's finding that plaintiff's gift of a dog to defendant made him the dog's rightful owner was affirmed, notwithstanding the facts that plaintiff's name was still on the dog's registration papers, the dog's insurance policy and the dog's microchip identification, since the need for physical delivery of the dog to defendant was obviated by the parties' cohabitation at the time the dog was given to defendant, and based on the evidence presented by defendant, he continued to be the dog's owner after the parties' romantic relationship ceased and defendant moved out and took the dog. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-M1-500484; the Hon. Eileen O'Neil Burke, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jennifer L. Koerner, of Chicago, appellant *pro se*.<br><br>No brief filed for appellee. |

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
|---|---|
| | Presiding Justice Connors and Justice Hoffman concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff-appellant, Jennifer Koerner (Koerner), appeals from an order of the circuit court of Cook County which found that she had given the dog at issue (the Stig) to defendant-appellee, Kent Nielsen (Nielsen), as a gift and that he was thus its rightful owner. On appeal, Koerner contends that the trial court erred in finding that: (1) an *inter vivos* gift had occurred; (2) she had not revoked the gift prior to delivery; and (3) the burden of disproving a completed *inter vivos* gift lies with the party challenging the gift. She thus requests that this court reverse the trial court's judgment and enter an order stating that she is the Stig's rightful owner. Although Nielsen has not filed a brief in response, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    The record shows that on November 5, 2010, Koerner adopted the Stig from the Anti-Cruelty Society in Chicago, Illinois, and used her credit card to pay the $95 fee. On or about December 25, 2010, Koerner wrote a poem in which she expressed her intent to give the Stig to Nielsen, her then live-in boyfriend, as a gift. A copy of the poem is not included in the record on appeal.

¶ 4    The record further shows that Koerner and Nielsen ended their relationship in early February 2012. Nielsen permanently left their shared residence on February 6, 2012, taking the Stig with him, and, that same day, Koerner filed a police report in relation to the incident. The record further shows that throughout February and March 2012, Koerner and Nielsen exchanged emails relating to the logistics of their separation. In those emails, Koerner repeatedly stated that she and Jessie, her dog, missed the Stig and asked Nielsen to bring the Stig "home." Nielsen repeatedly responded that the Stig belonged to him, but that he would allow the Stig to visit Koerner and Jessie, so long as Koerner confirmed in writing that he had "total ownership" of the Stig. On April 20, 2012, Koerner filed a complaint against Nielsen in the circuit court of Cook County, alleging that she is the Stig's rightful owner and seeking his return.

¶ 5    On August 21, 2012, a bench trial commenced in this case and was continued to September 11, 2012. No court reporter was present on either day, so Koerner prepared and filed an affidavit bystander's report (Bystander's Report) pursuant to Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). Although Nielsen did not take part in creating the Bystander's Report, Koerner represented in her motion to certify that he was served with the proposed report and did not oppose it or submit any proposed amendments. The Bystander's Report was certified by the trial court on March 11, 2013, and entered as a supplement to the record on appeal.

¶ 6    The Bystander's Report reflects that at trial, Koerner maintained that she is the true owner of the Stig because the donative intent she expressed in the poem was subsequently revoked both verbally and in writing in February 2012, and that delivery never occurred. In support of that contention, Koerner noted that she never conveyed title or executed documents transferring ownership of the Stig to Nielsen. Koerner testified that the Stig's city registration, microchip identification, and veterinary insurance were always in her name and that she paid the majority of costs related to his care. Koerner acknowledged that she had given up "exclusive dominion and control" of the Stig, but argued that delivery requires giving up complete dominion and control of the object of the gift.

¶ 7    Nielsen maintained he is the true owner of the Stig because Koerner gave the dog to him upon writing the poem, that delivery occurred when she gave up exclusive dominion and control of the Stig, and that acceptance is assumed. When asked if he had attempted to change the microchip identification ownership information into his name, Nielsen responded that he had but could not do so without written authorization from the current owner or a court order and, further, that he started a new veterinary policy for the Stig in his own name after February 6, 2012.

¶ 8    On September 11, 2012, the trial court entered a written order finding that Nielsen had established that the Stig was a gift from Koerner and that she had failed to establish that the gift had been revoked. The court ordered that judgment was entered in favor of Nielsen and that he shall continue to be the Stig's rightful owner.

¶ 9    The Bystander's Report reflects that the court stated that it found for Nielsen because Koerner had not met her burden. Koerner argued that the burden was on Nielsen to show with clear and convincing evidence that a valid *inter vivos* gift had occurred. The court disagreed, stating that "the burden was on [Koerner]," and ruled in favor of Nielsen. On October 9, 2012, Koerner filed a timely notice of appeal pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008). Therefore, this court has jurisdiction to consider Koerner's arguments on appeal.

¶ 10                                    ANALYSIS

¶ 11    On appeal, Koerner contends that the trial court erred in finding that a valid *inter vivos* gift had occurred and in imposing the burden of proof on her regarding the gift. The facts of this case are uncontested. As such, we are presented with a mixed question of law and fact, which we review under the clearly erroneous standard of review. *United States Fidelity & Guaranty Co. v. Old Orchard Plaza Ltd. Partnership*, 333 Ill. App. 3d 727, 736 (2002).

¶ 12    Initially, we observe that Koerner filed an action in replevin.[1] The primary purpose of this statutory proceeding is to test the right of possession of personal property and to place the successful party in possession of that property. *Carroll v. Curry*, 392 Ill. App. 3d 511, 513-14 (2009). A plaintiff commences such an action by filing a verified complaint describing the property at issue, stating that she is lawfully entitled to its possession, and stating that the property is being wrongfully detained by defendant. *Id.* at 514. After holding a hearing on the matter, the court shall issue an order of replevin if plaintiff establishes a *prima facie* case to a

---

[1]In the Bystander's Report, Koerner acknowledges that this case was an action in replevin. However, the civil action cover sheet attached to the complaint and the file stamp on the complaint state that the complaint was filed as an action in detinue. Similar to replevin, a finding for plaintiff in a detinue action is proper where it is established that plaintiff's right to possession is superior to that of defendant. *L&LC Trucking Co. v. Jack Freeman Trucking Co.*, 36 Ill. App. 3d 186, 188 (1976).

superior right of possession of the property and if plaintiff also demonstrates to the court the probability that she will ultimately prevail on the underlying claim of the right to possession. *Id.*

¶ 13 Accordingly, in a replevin action, plaintiff bears the burden of establishing that she is lawfully entitled to possession of the property at issue and that defendant wrongfully detained the property and refuses to deliver possession of the property to plaintiff. *Id.* If plaintiff makes such a *prima facie* showing, the burden then shifts to defendant to establish the elements of a valid gift by clear, convincing and unequivocal evidence. *In re Estate of Wittmond*, 314 Ill. App. 3d 720, 729-30 (2000).

¶ 14 In this case, Nielsen claims that Koerner gave him the Stig for Christmas in 2010, and Koerner acknowledged that she expressed this sentiment in the poem she wrote and presented to him on December 25, 2010. The record shows that Koerner and Nielsen continued living together and remained romantically involved for the next 13 months, before ending their relationship in February 2012. At that time, Nielsen and the Stig moved out of Koerner's home.

¶ 15 As noted above, the poem has not been included in the record on appeal, and thus any doubts arising from this incompleteness will be resolved against plaintiff. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). That said, there is no evidence in the record that the poem included language indicating that the gift was in any way conditional, such as on a continuation of the romantic relationship. Nor does the record indicate that Koerner and Nielsen were engaged at any point in time, and thus, there is no presumption that the Stig was a gift in contemplation of marriage. *Hofferkamp v. Brehm*, 273 Ill. App. 3d 263, 272 (1995); *cf. Carroll*, 392 Ill. App. 3d at 514 (noting that an engagement ring given in contemplation of marriage is a conditional gift). Under these circumstances, we find that Koerner did not establish a *prima facie* case to a superior right of possession of the Stig (*Carroll*, 392 Ill. App. 3d at 514) and, accordingly, that the burden never shifted to Nielsen (*In re Estate of Wittmond*, 314 Ill. App. 3d at 729-30).

¶ 16 In reaching that conclusion, we disagree with Koerner's contention that in announcing its finding at the close of evidence and argument, the trial court was solely referring to the burden of disproving a completed *inter vivos* gift when it referred to Koerner's "burden." Koerner overlooks the fact that she filed the action in replevin contesting Nielsen's continued possession of the Stig. Koerner also overlooks that in its written order, the court specifically found that Nielsen "shall continue to be the rightful owner of" the Stig, indicating that Koerner had not met her burden of establishing a *prima facie* case of ownership. The court also stated in its written order that Nielsen had established that the Stig was a gift from Koerner and that she failed to establish that the gift had been revoked. Thus, Koerner's argument that the trial court erroneously imposed the burden related to the existence of a valid *inter vivos* gift on her also fails.

¶ 17 Notwithstanding Koerner's argument, we observe that on review, we consider the correctness of the circuit court's ruling without regard to the validity of its rationale. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 403-04 (2009). Accordingly, we may affirm for any reason that the record warrants without regard to the reasons relied upon by the trial court. *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 348 (2000).

¶ 18 Where defendant claims ownership as a gift, he is required to prove, by clear and convincing evidence, donative intent, the donor's parting with exclusive dominion and control over the subject of the gift, and delivery to the donee. *In re Estate of Wittmond*, 314 Ill. App. 3d at 729-30. Here, Koerner does not contest Nielsen's assertion that the poem she wrote and gave

to him on December 25, 2010, demonstrated her donative intent to give the Stig to him as a gift. She maintains, however, that she revoked her donative intent 13 months later, as evidenced by the emails she sent to Nielsen in February and March 2012.

¶ 19 Donative intent is determined at the time of the alleged transfer of property, and is controlled by what the parties said or did at the time of the transaction, and not what is said at a later time. *In re Estate of Nelson*, 132 Ill. App. 2d 544, 552 (1971). As noted above, there is no evidence in this record that the gift of the dog in this case was conditional. Accordingly, we find that Koerner's statements 13 months after her demonstration of unconditional donative intent do not impact the validity of the donative intent she acknowledged that she expressed in the poem at the time she made the gift. As such, we find that Koerner's donative intent to give the Stig to Nielsen as a gift on December 25, 2010, was established at that time.

¶ 20 Koerner further maintains that delivery never occurred because she did not part with complete dominion and control over the Stig, and she never conveyed title of the Stig to Nielsen, as reflected by her name being listed on the Stig's registration papers, his insurance policy, and his microchip identification. We observe that "[m]ere documentary title is not conclusive of ownership" (*Buczkowicz v. Lubin*, 80 Ill. App. 3d 200, 203 (1980)), and that a donor need only part with exclusive dominion or control of a gift (*Hall v. Country Casualty Insurance Co.*, 204 Ill. App. 3d 765, 778 (1990)).

¶ 21 Here, Koerner acknowledged at trial that she had given up exclusive dominion and control of the Stig during the period of cohabitation. Given the fact that she and Nielsen lived in the same residence at the time she gifted him the Stig, the need for a physical delivery of the dog was obviated. Moreover, given the romantic nature of the relationship between Koerner and Nielsen and their joint living situation, it stands to reason that both parties would be involved in the Stig's day-to-day care, even after she gave him to Nielsen as a gift. Given this shared living situation, Nielsen may not have felt compelled to add his name to all of the Stig's pertinent paperwork, as he attempted to do after the relationship ended. We thus find by clear and convincing evidence that Nielsen established that the Stig was a gift from Koerner and affirm the judgment of the circuit court of Cook County, which ordered that Nielsen continue to be the Stig's rightful owner.

¶ 22 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 23 Affirmed.