John Markus for the use of George Guditus, Appellant,
v. Hart, Schaffner & Marx, Appellee.

Gen. No. 38,623.

Opin-
ion filed March 2, 1936.

IRVING BREAKSTONE, of Chicago, for appellant; WILLIAM ROSENTHAL, of Chicago, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

March 29, 1935, George Guditus recovered a judgment in the municipal court of Chicago against John Markus for $358; April 24th, on application of plaintiff, the trial court entered an order *nunc pro tunc* as of March 29th, that the court record show the judgment was for wages due plaintiff from defendant, and that the execution issued on the judgment be indorsed with this finding, which was accordingly done.

July 9th, after a return of the execution "no property found," garnishment proceedings were commenced, and Hart, Schaffner & Marx, as garnishee, answered that it was indebted to Markus in the sum of $22.15 for wages earned by him for the period from July 3rd to July 11th, on which latter date garnishment summons was served upon it, but that said amount was claimed as his exemption under section 14 of the Garnishment Act, as he was head of a family and residing with same. It is the duty of the garnishee to claim for his employee the benefit of the exemption. *Illinois Glass Co. v. Holman,* 19 Ill. App. 30; *Chicago & Alton R. Co. v. Ragland,* 84 Ill. 375; *Rumbold v. Supreme Council Royal League,* 206 Ill. 513. This answer was contested and on August 20th, after testimony and argument were heard, the court found in favor of the garnishee and discharged it, and this appeal is from that order. The garnishee has filed no brief in this court.

The question raised involves the application of paragraph 16 of the Exemptions Act (ch. 52, Ill. State Bar Stats. 1935) to the peculiar circumstances of this case. Paragraph 16 reads:

"No personal property shall be exempted from levy of attachment or execution when the debt or judgment is for the wages of any laborer or servant: *Provided,* the court rendering judgment shall find that the demand so sued for is for wages due such person as laborer or servant; which finding shall be expressed in the record of said judgment and indorsed upon the execution when issued."

It appears from the record that the judgment for plaintiff against Markus was for wages earned by him as a laborer on the farm of Markus. This being so, and because of his compliance with the provisions of paragraph 16 with respect to the judgment and execu-

tion containing the proper finding, plaintiff contends that section 14 of the Garnishment Act, which allows the head of a family wage earner an exemption of $20 a week when his wages are garnished, is simply a general statement applied to an ordinary garnishment based on a judgment with no specific findings; that if facts in a case come within its general provisions it should be followed, but if, by additional specific facts and circumstances the case falls within the specific provisions of paragraph 16 of the Exemptions Act, above quoted, then the latter statute should prevail.

Plaintiff says there is no recent decision that distinguishes these two statutes under similar facts, and we have been unable to find a case in Illinois where the identical question was presented. However, from a reading of the cases in our State bearing on the subject of exemptions, we are of the opinion that plaintiff, whose original judgment was for wages earned as a laborer, cannot under paragraph 16 of the Exemptions Act reach money of the defendant which, up to $20 a week, is specifically allowed the head of a family who resides with the same, as an exemption from garnishment under section 14 of the Garnishment Act.

Before coming to the cases which sustain the trial court in discharging the garnishee it will be helpful, because of the rather novel circumstances presented, to see what construction our courts have placed upon the exemption statutes, and particularly upon paragraph 16. In *Epps v. Epps*, 17 Ill. App. 196, the court in holding that a traveling salesman and bookkeeper was not a "laborer or servant" within the meaning of paragraph 16 of the exemptions statute, said: "It is well settled that statutes creating exemptions . . . are beneficial in their operation, and founded in a wise policy, and should therefore receive a liberal construction. . . . But should the provisions of the exemption law under consideration here (par, 16) receive like construction?

"The general purview of the statute is to grant exemption of a certain amount of personal property belonging to debtors, from attachment, execution and distress for rent. The fourth section (par. 16) creates an exception in favor of creditors whose judgments are for their wages as laborers or servants. It would seem that the same policy which dictates a liberal construction of the statute in furtherance of its general beneficial purpose would necessitate a restricted construction of an exception by which its operation is limited and abridged.

". . . it seems to be a general rule of statutory construction, that provisos and exceptions in statutes, by which their generality is qualified or restrained, or by which something is excluded from their general provisions, are to be strictly construed." And quoting from an opinion by Mr. Justice Story in *United States v. Dickson,* 15 Pet. 141, the court says it is "the general rule of law which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause; and those who set up any such exception must establish it as being within the words as well as within the reason thereof."

*Dickinson v. Rahn,* 98 Ill. App. 245, also holds paragraph 16 should be strictly construed as an exception to the general exemptions statute. In *Washburn v. Goodheart,* 88 Ill. 229, it was contended that the general exemptions statutes should be construed strictly; but the court said this is contrary to the principle of construction applicable to such statutes; that they are not to be construed strictly, but so as to carry out the obvious intention of the legislature to protect the

debtor. Also holding to a liberal construction of general exemption statutes are *Good v. Fogg,* 61 Ill. 449; *Gibson v. People,* 122 Ill. App. 217; *McClellan v. Powell,* 109 Ill. App. 222. In *Recht v. Kelly,* 82 Ill. 147, by a clause in a note upon which judgment was recovered, the maker, who was the head of a family and residing with it, expressly waived the benefit of all laws exempting real or personal property from levy and sale. In holding such waiver ineffectual the court said the principle applicable is that the exemption created by the statute is as much for the benefit of the family of the debtor as for himself, and for that reason he cannot, by an executory contract, waive the provisions made by law for its support and maintenance; that such contracts contravene the policy of the law and hence are inoperative and void. The owner may sell or otherwise dispose of his property, however much his family may need it, but the law will not aid him in that regard, nor permit him to contract, in advance, that his creditor may use the process of the courts to deprive his family of its benefit and use, when an exemption has been created in its favor. This principle is recognized in *Powell v. Daily,* 163 Ill. 646.

With this outline of construction before us, we proceed to the cases which sustain the conclusion we have reached. *Fanning v. First Nat. Bank of Jacksonville,* 76 Ill. 53, involved a garnishment proceeding wherein the trial court rendered judgment against the garnishee bank for $80.60, the amount on deposit, despite the defense that the money of the depositor was exempt under paragraph 13 of the Exemptions Act of 1874, and not liable to garnishment process. That statute exempted from execution, writ of attachment, and distress for rent, personal property owned by the debtor, and among other clauses of exemption read, "$100 worth of other property, suited to his or her condition in life, selected by the debtor." After re-

viewing several sections of the Garnishment Act and saying that no distinction was made between the kinds of personal property mentioned in paragraph 13 of the Exemptions Act, the court held the money exempt. "The money deposited was property; it was less in amount than $100; he selected it as authorized by the statute; and the mere fact that it was attempted to be reached by garnishee process can make no difference. We are satisfied it was exempt under the laws of the State."

After that decision, as was said in *Finlen v. Howard,* 126 Ill. 259, the legislature in 1877 enacted an amendment to paragraph 13 of the Exemptions Act, and after enumerating certain exemptions of personal property, the following proviso was added: *"Provided,* that such selection and exemption shall not be made by the debtor or allowed to him or her from any money, salary or wages due him or her from any person or persons or corporation whatever." This proviso is contained in our present exemptions law. In the *Finlen* case the garnishee owed the original judgment debtor $60 which, together with all the other property owned by the debtor, was less in amount than was exempted by law; the debtor was the head of a family, residing with the same. Judgment was rendered against the garnishee. The question involved the construction of paragraph 13 of the Exemptions Act of 1877, amended as above indicated, as to whether, in a garnishment proceeding a judgment debtor could claim and be allowed, out of moneys due him, the exemption provided for in said paragraph, he being the head of a family and residing with it. The court said the plain meaning of the proviso was that it forbids that any exemption be allowed to the debtor from money due him, and that it is clear the legislature intended a distinction should be observed, in the matter of exemptions, between articles of personal property and money

due and owing to the debtor. Although that case held that in a garnishment proceeding a judgment debtor could not claim the exemption provided for in paragraph 13 of the Exemptions Act, in the face of the plain proviso therein, the following language of the court is pertinent in the instant case: ''By the 14th section of chapter 62 (Garnishment Act) there is specifically exempted an amount, not exceeding $50, of the wages and services of the debtor, being the head of a family, and residing with the same. No other provision is made for exemption of debts due and owing to the debtor. . . . We are of opinion that the proviso under consideration excludes from the debtor's estate out of which he may make his selection of property exempt, all money due the debtor, without regard to the character of the indebtedness or the circumstances under which it arose. *The only exceptions to this are those contained in the 14th section of the Garnishment Act, before referred to,* and the 7th section of the act of April 30, 1873, exempting money arising upon policies of insurance upon homesteads.'' (Italics supplied.)

In *Reade v. Kerr,* 52 Ill. App. 467, money owed the debtor by the garnishee was sought to be made exempt from garnishment under paragraph 13 of the Exemptions Act covering personal property, but the court held that the proviso in that section prevented any such exemption. The opinion then uses the following pertinent language: ''*Of course, this proviso does not abrogate the right of the debtor, if the head of a family, as provided in Sec. 14 of the Garnishment Act, to hold as exempt $50 due him for wages,* or defeat his right to hold as exempt for one year, the proceeds of the sale of a homestead, and insurance money due him for loss on building, exempted as a homestead, as provided in Secs. 6 and 7 of the Homestead Exemption Act. *Subject to these exceptions* a judgment debtor, in a garnishee proceeding, cannot claim and be allowed the ex-

emption provided in Sec. 1 of the act of 1877, out of money due him.'' (Italics supplied.)

It is contended in the instant case that the words, ''No personal property shall be exempted,'' appearing in paragraph 16 of the Exemptions Act, quoted earlier in this opinion, are positive and specific, and therefore should be construed to apply to moneys in the hands of a garnishee, for the reason, says plaintiff, that the exemption of wages under the Garnishment Act is merely general. The identical words appeared in a statute under consideration in the case of *Illinois Glass Co. v. Holman,* 19 Ill. App. 30, thus: ''No personal property shall be exempt from levy of attachment or execution, when the judgment is for commutation of road or street labor.'' In holding that the provisions of that section could not be extended to proceedings under the Garnishment Act, the court said the language in section 14 of the Garnishment Act being plain and the exemption of so much wages unqualified, and without limitation, it is not for the court to take from, or add to, its provisions. The opinion then says:

''The wages of a laborer have been made the subject of special protection by the legislature in this State. By section 16, C. 52 R. S. (the same paragraph 16 now being considered) no personal property is exempt from levy of attachment or execution when the debt or judgment is for wages. By this section wages to the amount of $50 are exempt from garnishment. *It would scarcely be contended that a laborer who had a judgment for wages could garnishee the wages of another laborer when the amount due was less than fifty dollars,* and yet if appellee's construction of section 37 of the act of 1879 . . . and the Garnishment Act, is correct, that would unavoidably follow.'' (Italics supplied.)

From what has been said in the cases reviewed we think it evident that section 14 of the Garnishment

Act is an exception to the Exemptions Act, creating a specific exemption of wages in favor of a person who is the head of a family and residing with the same, and that paragraph 16 of the Exemptions Act has no relation to the specific exemption so created.

The order of the trial court dismissing the garnishee was proper and it is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.