COMMONWEALTH EDISON, Plaintiff-Appellee, v. WILLIE W. DENSON, Defendant (Caterpillar Tractor Company, Appellant).—NEWSOME PHYSICAL THERAPY CLINIC, Plaintiff-Appellee, v. DWIGHT R. MORGAN, Defendant (Caterpillar Tractor Company, Appellant).

Third District   Nos. 3—85—0538, 3—85—0539 cons.

Opinion filed June 19, 1986.

Jerome A. Kenney and Theodore R. Johnson, both of Caterpillar Tractor Company, of Peoria, for appellant.

Steven P. Troy, of Joliet, for appellee Commonwealth Edison.

Lisa Beth Moss, of Carmell, Charone, Widmer, & Mathews, Ltd., of Chicago, for appellee District 55 Machinists.

JUSTICE STOUDER delivered the opinion of the court:
Employer-appellant, Caterpillar Tractor Company (Caterpillar),

appeals from two separate judgments of the circuit court of Will County directing Caterpillar to file amended answers to wage-deduction interrogatories. This dispute arises out of different interpretations of how the provisions of the Consumer Credit Protection Act (15 U.S.C. sec. 1671 *et seq.*) and the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 12—803) restricting garnishment of wages should be applied to the following facts.

The first action was originally brought by plaintiff-appellee Commonwealth Edison (Com Ed) to collect monies due and owing to it by defendant Willie Denson. On June 27, 1984, the circuit court entered judgment in favor of Com Ed and against Denson for $629.54 plus costs. Summons was issued pursuant to an affidavit for a wage-deduction order in the amount of the outstanding judgment, and Com Ed served interrogatories upon Caterpillar, Denson's current employer.

Caterpillar responded to the interrogatories and forwarded a check to Com Ed in the amount of $139.32. Caterpillar declined to deduct the full 15% of Denson's gross earnings, in accordance with the order, as it was already withholding $60 per week from his wages pursuant to a previously filed support order. Com Ed contested.

The second action was originally brought by plaintiff-appellee Newsome Physical Therapy Clinic (Newsome) to collect monies due and owing to it by defendant Dwight Morgan. On October 31, 1984, the circuit court entered judgment in favor of Newsome and against Morgan for $748.19 plus costs. Summons was issued pursuant to an affidavit for a wage-deduction order in the amount of the outstanding judgment, and Newsome served interrogatories upon Caterpillar, Morgan's current employer.

Caterpillar responded to the interrogatories, declining to deduct any amount from Morgan's earnings on the basis of the fact $180 of Morgan's weekly gross income, or roughly 34%, was already being garnished pursuant to orders of support issued by the Will County circuit court. Caterpillar contends under Illinois law no garnishment is allowed which would exceed the lesser of 15% of gross earnings, or the amount by which the weekly disposable earnings exceed 30 times the Federal minimum hourly wage, which was $3.35 per hour at all times relevant to this case. Newsome contested Caterpillar's answers to the interrogatories.

On November 21, 1984, the court below, at separate hearings on the disputes arising from Caterpillar's answers to the interrogatories, upheld appellees' objections that both Illinois law and the Consumer Credit Protection Act (the Act) allow simultaneous garnishment for family support and payment of judgment creditors even when the

amount of the support garnishment exceeds 15%, and ordered Caterpillar to file amended answers to the wage-deduction interrogatories. Caterpillar appealed both decisions, and this court consolidated these appeals.

From our review of the acts and regulations involved, we have determined the trial court erred and therefore its judgment must be reversed. The contention that payroll deductions required under a support order should not be included when computing the percentage reduction of a debtor's disposable earnings is not a legally supportable interpretation and application of these statutes.

■ We initially examine the Federal law. Under the supremacy clause (U.S. Const., art. VI) the garnishment-restriction provision of the Consumer Credit Protection Act (Act) (15 U.S.C. sec. 1671 *et seq.*) preempts State laws insofar as State laws would permit recovery in excess of 25% of an individual's disposable earnings. The cardinal provision of the Act is 15 U.S.C. section 1673, which, as amended, provides in pertinent part as follows:

"1673. Restriction on garnishment

(a) Maximum allowable garnishment

Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week

\* \* \*

(b) Exceptions

(1) The restrictions of subsection (a) of this section do not apply in the case of

(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.

\* \* \*

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(b) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; ***"

"Disposable Earnings" is defined in sections 1672(a) and (b) as that part of an individual's gross compensation for personal services that remains after deduction of amounts required by law to be withheld. For the purposes of this section "amounts required by law to be withheld" include deductions for Federal and State withholding taxes and social security taxes. "Garnishment" is defined in section 1672(c) as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt" thus encompassing orders of support as well as ordinary creditor-debtor garnishments.

The Federal Act does not preempt the field of garnishment entirely, but provides that in those instances where State and Federal laws are inconsistent, then the courts are to apply the law which garnishes the lesser amount. (15 U.S.C. sec. 1677). In Illinois, section 12—803 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 12—803) provides:

"12—803 Maximum wages subject to collection

12.803. Maximum wages subject to collection. The maximum wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week shall not exceed the lesser of (1) 15% of such gross amount paid for that week or (2) the amount by which disposable earnings for a week exceed 30 times the Federal Minimum Hourly Wage prescribed by Section 206(a)(1) of Title 29 of the United States Code, as amended, in effect at the time the amounts are payable. This provision (and no other) applies irrespective of the place where the compensation was earned or payable and the State where the employee resides. No amounts required by law to be withheld may be taken from the amount collected by the creditor. The term 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."

The Federal Act does not seek to establish any order of priority among garnishments. There being no other Federal statutory provision setting priorities as between support-order garnishments and creditor garnishments, the matter of priority is thus determined by Illinois law. (*Long Island Trust Co. v. United States Postal Service* (2d Cir. 1981), 647 F.2d 336). Pursuant to Illinois statute, it is clear and

unequivocal that as between garnishments of the same type, the prior in time is to be satisfied first. (See Ill. Rev. Stat. 1985, ch. 110, par. 12—808 (section 12—808 of the Code of Civil Procedure); Ill. Rev. Stat. 1985, ch. 48, par. 39.4 (section 4 of the Illinois Wage Assignment Act).) As between judgment-creditor garnishments and support-order garnishments, Illinois gives priority to those for support regardless of the timing of those garnishments. See Ill. Rev. Stat. 1985, ch. 110, par. 12—808 (section 12—808 of the Code of Civil Procedure); Ill. Rev. Stat. 1985, ch. 40, par. 706.1(F)(3) (section 706.1(F)(3) of the Illinois Marriage and Dissolution of Marriage Act).

■■ Considering the statutory provisions at issue, we conclude 15 U.S.C. section 1673 places a ceiling of 25% on the amount of an employee's disposable earnings subject to garnishment, provided the laws of any State neither prohibit garnishments nor provide for more limited garnishments than are allowed under this subchapter, with the exception that the ceiling may be raised to as high as 65% if the garnishment is to enforce family-support orders. Second, we conclude the Code of Civil Procedure, under section 12—803, places a ceiling in any one work week of the lesser of 15% of gross earnings or the amount by which disposable earnings exceed 30 times the Federal minimum wage in effect at the time the amounts are payable. Thus, when garnishments are sought only by judgment creditors, no more than the lesser of 25% of disposable earnings, or 15% of gross earnings, or the amount by which disposable earnings exceed 30 times the Federal minimum wage may be withheld for that purpose; when garnishments are sought only to enforce support orders, as much as 65% of disposable earnings may be withheld for that purpose. The interrelationship, however, between the general rule and the exception, when both creditor and support garnishments are sought, is less clear. Plaintiffs in this cause argue support garnishments should be considered entirely independent of judgment-creditor garnishments, and that the acts should be construed under the facts of the case as reserving 15% of the employees' earnings for attachment by judgment creditors after the satisfaction of family-support orders. We find no basis for this argument either in the language of the statutes or in their legislative history.

Our conclusion is reinforced by the manner in which 15 U.S.C. section 1673 has been construed by the Secretary of Labor, who is charged with enforcing the provisions of that Act (15 U.S.C. sec. 1676). Department of Labor regulations state in pertinent part as follows:

"Compliance with the provisions of section (303)(a) and (b)

may offer problems when there is more than one garnishment. In that event the priority is determined by State law or other Federal laws as the CCPA contains no provisions controlling the priorities of garnishments. However, in no event may the amount of any individual's disposable earnings which may be garnished exceed the percentages specified in section (303). To illustrate:

\* \* \*

(iv) If 25% or more of an individual's disposable earnings were withheld pursuant to a garnishment for support, and the support garnishment has priority in accordance with State law, the Consumer Credit Protection Act does not permit the withholding of any additional amounts pursuant to an ordinary garnishment which is subject to the restrictions of section (303)(a)." 29 C.F.R. sec. 870.11.

Furthermore, we think this conclusion is consistent with the decisions of Federal courts that have considered the issue. See *Long Island Trust Co. v. United States Postal Service* (2d Cir. 1981), 647 F.2d 336; *Donovan v. Hamilton County Municipal Court* (S.D. Ohio, 1984), 580 F. Supp. 554; *Marshall v. District Court* (E.D. Mich. 1978), 444 F. Supp. 1110; *Hodgson v. Hamilton Municipal Court* (S.D. Ohio 1972), 349 F. Supp. 1125, 1140; *Hodgson v. Cleveland Municipal Court* (N.D. Ohio 1971), 326 F. Supp. 419.

We are mindful of the plaintiff's argument that the statutes as thus construed may help debtors to evade payment of their debts if they collusively procure orders of support that exceed the statutory maximums. This point was considered and indeed vigorously debated in Congress prior to the passage of the Act. See, *e.g.*, H.R. Rep. No. 1040, 90th Cong., 2d Sess. (1968); remarks of Representative Jones,. 114 Cong. Rec. 1,834-35 (1968). See also remarks of Representative Sullivan, 114 Cong. Rec. 14,388 (1968) (quoted in *Long Island Trust Co. v. U.S. Postal Service* (2d Cir. 1981), 647 F.2d 336, 342 n.8):

"By far, the biggest controversy in the whole bill—even larger than the controversy over revolving credit—involved the subject of garnishment. In H.R. 11601 as originally introduced, we proposed the complete abolishment of this modern-day form of debtors' prison. \*\*\*

But we were willing to listen to the weight of the testimony that restriction of this practice would solve many of the worst abuses, while abolishment might go too far in protecting the career deadbeat."

Thus, we hardly feel free to tamper with the way in which Congress has chosen to balance the interests of the debtor, his family, and his creditors.

Finally, we point out that this construction of the acts in question does not leave plaintiffs powerless to collect on their judgments. It merely prohibits, under these circumstances, the garnishment of the defendants' wages in excess of the statutory maximums. Counsel to plaintiffs should note the fact the statutes are applicable only to wages actually earned by the debtor, and garnishment of income derived from other sources is not restricted by either the Federal or Illinois statutes.

For the foregoing reasons the judgments of the circuit court of Will County are reversed and remanded with directions to enter judgments in accordance with the views expressed herein.

Reversed and remanded with directions.

SCOTT, P.J., and BARRY, J., concur.