In re MARRIAGE OF HERMAN DANIEL SLOANE, Petitioner-Appellee, and JENNYE IRENE SLOANE, Respondent-Appellant (Robert Steinbock-Sinclair, Appellant).

Second District   No. 2—93—0065

Opinion filed December 28, 1993.—Modified on denial of rehearing February 23, 1994.

Keith E. Roberts, Sr., of Donovan & Roberts, P.C. (Robert R. Verchota, of counsel), and David Drenk, of Douglas Drenk & Associates, P.C., both of Wheaton, and Robert Steinbock-Sinclair, of Oak Brook, for appellants.

Lee A. Marinaccio, of Botti, Marinaccio & Tameling, Ltd., of Oak Brook (Ronald D. Menna, of counsel), for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

This case arises from a 1988 petition for dissolution of marriage filed by petitioner, Herman Sloane (husband). Respondent, Jennye Irene Sloane (wife), commenced garnishment proceedings to enforce certain provisions of the marital settlement agreement which was part of the judgment. The trial court granted husband's motion to quash the garnishment summons. Wife's motion for reconsideration was denied, and a Supreme Court Rule 304(a) finding was entered. (134 Ill. 2d R. 304(a).) Wife filed this appeal, contending: (1) garnishment is a proper remedy to enforce the settlement agreement; (2) the judgment was liquidated and due without contingency; and (3) no emergency existed to quash the garnishment summons on an emergency basis.

On April 29, 1988, husband filed a petition for dissolution of marriage. Subsequently, numerous pretrial proceedings occurred. The judgment of dissolution was entered July 31, 1992. During the course of the proceedings, the couple decided that wife should be in sole possession of the marital residence, located in Burr Ridge (residence). Wife failed to pay real estate taxes for 1989 and 1990. In addition, she failed to satisfy her Federal and State income taxes for tax years 1989 and 1990 and failed to satisfy her Federal and State quarterly income taxes for tax year 1991. As a result, the parties entered into

an agreed order which required husband to borrow funds in the amount of $70,000 to assist wife to pay off the tax liabilities.

Subsequently, husband obtained a $70,000 home-equity loan from Interstate Bank of Oak Forest, which was secured by the marital residence. Wife was cosigner on the home-equity loan. Husband paid at least the minimum monthly principal and interest payments as they became due.

Several months later, the parties agreed to and presented to the trial court a written marital settlement agreement (agreement). The agreement was accepted and approved by the trial court on June 19, 1992.

Provisions for child support, maintenance, title to the residence, and mortgage payments were part of the agreement. The agreement also provided that husband was to pay back the $70,000 home-equity loan which had been used to satisfy wife's tax debts: "Husband shall forthwith pay in full the home equity loan on said property with Interstate Bank of Oak Forest *** and shall hold Wife harmless as to same." Husband was responsible for payments of this loan until trial, at which time the trial court was to determine which party would be responsible for the tax debt. The agreement provided that upon approval by the court its terms would be incorporated into the judgment of dissolution.

On September 9, 1992, wife filed an affidavit for garnishment-nonwage (garnishment). The garnishment was served upon Interstate Bank of Oak Forest on September 11, 1992. The affidavit stated that judgment was entered for judgment creditor, wife, and against judgment debtor for $70,000 plus interest for $2,019.45.

Husband filed and served his emergency motion to quash garnishment summons; seeking sanctions and for a declaratory judgment finding that respondent wrongfully garnished and a finding that respondent maliciously prosecuted based upon wrongful garnishment (motion to quash) and a "Memorandum of Law in Support of Motion to Quash Garnishment Summons; Sanctions and for a Declaratory Judgment Finding that [respondent] wrongfully Garnished and a Finding that [respondent] Maliciously Prosecuted based upon Wrongful Garnishment (memorandum)."

The motion to quash was heard by the trial court. The court only addressed the quashing of the garnishment. It reserved hearing on sanctions and husband's request for a declaratory judgment for a later date. On September 16, 1992, after hearing oral argument, the trial court held that there was no legal basis for the issuance of the

garnishment summons. The remainder of husband's motion to quash remains pending and undetermined.

Wife filed a motion for reconsideration of the order entered. September 16, 1992 (motion to reconsider), and memorandum in support of the motion to reconsider. Husband filed a response to the motion to reconsider and a memorandum of law in support thereof. Wife filed a reply in support of the motion to reconsider.

On December 23, 1992, the wife's motion to reconsider was heard. The trial court held that the judgment could not support a garnishment, as it was contingent and unliquidated. Furthermore, the trial court held that the term "forthwith," as used in the judgment, was vague, as it was susceptible to more than one meaning. The trial court concluded that wife should have sought a judgment in sum certain, or brought a rule to show cause and not the garnishment. Wife's oral motion for leave to include Supreme Court Rule 304(a) language in the order was granted. (134 Ill. 2d R. 304(a).) Notice of appeal from the orders of September 16, 1992, and December 23, 1992, was timely filed.

The wife's first contention is that the provisions of a marital settlement agreement incorporated into a judgment of dissolution of marriage by express reference are subject to enforcement in garnishment proceedings. Husband contends that there is no case law to support that assertion and, in addition, that wife seeks improperly to modify the marital settlement agreement by having husband pay her so that she may pay off the home-equity loan to the bank instead of having husband pay the bank.

■ Under section 502(e) of the Illinois Marriage and Dissolution of Marriage Act (Act), settlement agreements are enforceable as terms of a judgment and by incorporation into a judgment they become part of the trial court's order. (750 ILCS 5/502(e) (West 1992).) By such incorporation, the agreement's subservient nature as a contract gives way to the dominant character of the adjudication. (*Davis v. Davis* (1983), 114 Ill. App. 3d 438, 440.) Thus, the terms of the marital settlement agreement are enforceable as terms of the judgment. Under the Act, a settlement agreement incorporated by reference into a judgment is "enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." 750 ILCS 5/502(e) (West 1992).

■ Garnishment is a purely statutory remedy for the enforcement of a judgment, and the garnishment statute must be strictly complied with. (*In re Marriage of Souleles* (1982), 111 Ill. App. 3d 865, 871.) The purpose is to make assets of the judgment debtor avail-

able for application in payment of the judgment against him. (*Cole v. Shanior* (1979), 69 Ill. App. 3d 505, 507.) To maintain a garnishment proceeding, plaintiff must meet all the requirements of the garnishment act. (Ill. Rev. Stat. 1991, ch. 110, par. 12—701 *et seq.* (now 735 ILCS 5/12—701 *et seq.* (West 1992)).) The garnishment statute and garnishment proceedings are equitable in nature. *National Bank v. Newberg* (1972), 7 Ill. App. 3d 859, 866.

In the present case, none of the cases cited by the wife hold that *garnishment* is a proper remedy wherein a spouse may force an ex-spouse to pay an obligation to a third party in accordance with a judgment. For instance, *In re Marriage of Ramos* (1984), 126 Ill. App. 3d 391, and *Shapiro v. Shapiro* (1969), 113 Ill. App. 2d 374, both deal with use of *contempt* citations to enforce the provisions of a judgment. In *Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 53-54, the court held that a contempt proceeding cannot be used to engraft new obligations onto a dissolution of marriage decree. In *In re Marriage of Arkin* (1982), 108 Ill. App. 3d 103, 112, the court held that a rule to show cause cannot be used to modify the judgment.

■ We determine that the trial court found the judgment to be contingent, and therefore it was not subject to garnishment. In order for garnishment to lie, the indebtedness must be both liquidated and due without contingency. (*Town & Country Bank v. James M. Canfield Contracting Co.* (1977), 55 Ill. App. 3d 91, 99.) At the hearing on the motion to quash the garnishment, the trial court stated, "Now forthwith may imply immediately. It may imply something else. I don't know what that implies but the garnishment, by filing the garnishment, [wife] made a unilateral interpretation that that meant immediately." From this language, we conclude that the trial court found the word "forthwith" to be ambiguous, and on that basis, it determined that the judgment was contingent. We agree. "Forthwith" has more than one meaning. It can mean: (1) immediately, (2) without delay, or (3) within a reasonable time within the circumstances of the case. (Black's Law Dictionary 654 (6th ed. 1990).) The trial court was correct in finding that term to be ambiguous. That is, forthwith may be construed to mean either immediately, or within a reasonable time. Thus the trial court properly quashed the garnishment for both the home-equity loan plus interest *and* the interest on sum paid overdue because the provision was contingent.

Wife further argues that, even if this court agrees with the trial court that the quashing of the garnishment was proper with respect to the home-equity loan plus interest, the garnishment of $2,019.45 worth of interest on the sum paid overdue was proper. The marital

settlement agreement provided that, "[h]usband shall pay to [w]ife forthwith the sum of Two Hundred Ten Thousand ($210,000) Dollars." Judgment was entered on July 31, 1992, although husband did not pay the debt until September 9, 1992. On that basis, wife argues that section 2—1303 of the Code of Civil Procedure applies, and that petitioner owes her 9% interest per annum on the $210,000 for the 39 days that the payment was overdue. (735 ILCS 5/2—1303 (West 1992)); *In re Marriage of Morris* (1989), 190 Ill. App. 3d 293; *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629.) Husband argues that in marital dissolution proceedings, the statute providing for accrual of interest on a judgment is not mandatory, and does not preclude the trial court from exercising its discretion in determining whether or not to award accruing interest. (*Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 612.) However, we determine that *Robinson* does not apply in this case.

In *Robinson*, at issue was the allowance of interest on an award of attorney fees in the context of a divorce proceeding pursuant to section 2—1303 of the Code of Civil Procedure (735 ILCS 5/2—1303 (West 1992).) That section provides in pertinent part:

"Interest on judgment. Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon same, and included in the judgment." (735 ILCS 5/2—1303 (West 1992).)

The court reasoned that such interest is discretionary, relying on *Finley v. Finley* (1980), 81 Ill. 2d 317 (action for past-due child support in which court determined that interest on such sums was discretionary). In *Finley*, the court reasoned that a divorce proceeding partakes so much of the nature of a chancery proceeding that it must be governed to a great extent by the rules that are applicable thereto. (*Finley*, 81 Ill. 2d at 332.) It further reasoned that "[i]n a chancery proceeding, the allowance of interest lies within the sound discretion of the trial judge and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity." *Finley*, 81 Ill. 2d at 332.

In *Robinson*, the trial court had entered a judgment in 1976 for the plaintiff to pay to defendant the sum of $400 attorney fees. In

1985, plaintiff brought a motion to enforce the recovery of attorney fees and obtained an order from the trial court entering judgment in his favor. Said judgment was against defendant in the amount of $400 plus costs, but denied plaintiff's request for statutory interest. (*Robinson*, 140 Ill. App. 3d at 611.) Plaintiff appealed from that order, arguing that accrual of statutory interest upon a judgment was mandatory rather than discretionary. However, the *Robinson* court relied upon *Finley* to conclude that in the context of a divorce proceeding the allowance of interest is within the sound discretion of the trial court. *Robinson*, 140 Ill. App. 3d at 612.

In the present case, the judgment awarding $210,000 arose from a contract (marital settlement agreement) between the parties. Thus it was a contractual entity and was not awarded by the trial court for equitable reasons. Since the judge exercised no equitable decision in entering the judgment of dissolution, the rationale in *Robinson* and *Finley* does not apply in this case, and we determine that section 2—1303 should be applied.

On that basis alone, we might conclude that the trial court abused its discretion in not allowing the garnishment of the $2,019.45 interest. However, here also, the trial court had to interpret the term "forthwith." The agreement stated "[h]usband shall pay to [w]ife *forthwith*." (Emphasis added.) As discussed above, the trial court found that term to be ambiguous. Certainly, it could have concluded that payment within 39 days was reasonable within the circumstances of the case, which was one of Black's definitions for "[f]orthwith." (Black's Law Dictionary 654 (6th ed. 1990).) We determine that the trial court did not need to address the amount of interest allegedly outstanding until the date of the judgment became fixed or the wife moved the court for an assessment of interest. Thus, there was no abuse of discretion by the trial court in quashing the garnishment.

For the reason that the preceding issues are dispositive of the case, we need not address the other issues raised by the parties.

On this basis, we affirm the decision of the circuit court of Du Page County to quash the instant garnishment.

Affirmed.

McLAREN and COLWELL, JJ., concur.