*In re* MARRIAGE OF JOHN A. HERRICK, Petitioner-Appellant, and GERALDINE M. HERRICK, Respondent-Appellee.

Second District    No. 2—93—1325

Opinion filed September 26, 1994.

Barry E. Wesson, of Law Offices of Barry E. Wesson, of Leland, for appellant.

Larry K. Johnson, of Johnson, Leahy & Mengeling, Ltd., of Woodstock, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:
Petitioner, John Herrick, appeals the circuit court's order striking his motion to vacate a wage garnishment order. On appeal, he contends that the court erred in striking his motion as untimely. We reverse and remand.

Pursuant to the dissolution of the parties' marriage, the court entered an order of support on February 5, 1991. Under the terms of the order, petitioner's employer, USAIR, was required to withhold more than 25% of his net income for child support.

Respondent, Geraldine Herrick, subsequently filed a wage garnishment to recoup attorney fees due from petitioner in connection with the dissolution. On February 16, 1993, the court entered an order for garnishment requiring USAIR to deduct 15% of petitioner's gross wages.

The circuit court clerk issued a garnishment summons to USAIR with a return date of May 27, 1993. Apparently, USAIR filed its answer to the garnishment summons on or about the return date.

On October 8, 1993, petitioner filed a motion to vacate the garnishment order. The motion alleged that the second garnishment, on top of the existing support-order garnishment, would result in a net withholding in excess of the statutory maximum. Petitioner further alleged that he had no notice of the second garnishment prior to May 27.

Respondent filed a motion to strike petitioner's motion. Respondent contended that, pursuant to section 12—805 of the Code of Civil Procedure (the Code) (735 ILCS 5/12—805 (West 1992)), petitioner was required to object to the garnishment prior to the return date. Attached to the motion was a letter from petitioner's counsel to USAIR apparently demonstrating that petitioner had actual notice of the garnishment prior to May 27. Therefore, respondent contended, petitioner's "misconduct" prohibited him from filing a late objection to the garnishment.

The court found that the allegations of the motion to strike were true, dismissed petitioner's motion, and entered a turnover order requiring USAIR to pay the withheld funds to respondent. The court denied petitioner's motion to reconsider, and this timely appeal followed.

On appeal, petitioner contends that the court erred in striking as untimely his motion to vacate the garnishment. He contends that section 12—805 requires an objection to be filed before the return date only when the objection is that the funds are "exempt." According to the Code, the benefits or refunds of a pension or retirement plan are "exempt." (See 735 ILCS 5/12—804 (West 1992).) Petitioner contends that since he did not object on this basis, he was not required to file his motion prior to the return date. Therefore, the trial court erred in finding that it was untimely, regardless of whether petitioner had actual notice of the garnishment at an earlier date.

Petitioner does not contest the initial order for child support withholding. He contends, however, that the second garnishment may not be stacked on top of the support-order withholding if the total amount withheld exceeds the statutory maximum.

The Code provides a thorough, if complex, means of garnishing the wages of a judgment debtor. (735 ILCS 5/12—801 *et seq.* (West 1992).) A judgment creditor begins the process by filing an affidavit stating that he believes the garnishee is indebted to the judgment debtor for wages due or to become due, and written interrogatories to be answered by the employer-garnishee with respect to the indebtedness. The circuit clerk then issues a summons to the employer. 735 ILCS 5/12—805(a) (West 1992).

■ Under Illinois law, the maximum amount of wages subject to deduction is (1) 15% of the gross wages for each week, or (2) the amount by which disposable earnings for a week exceed 45 times the Federal minimum hourly wage. (735 ILCS 5/12—803 (West 1992).) In addition, Federal law preempts State law to the extent that State law would permit recovery in excess of 25% of an individual's disposable earnings. (*Commonwealth Edison v. Denson* (1986), 144 Ill. App. 3d 383, 386; 15 U.S.C. § 1673 (1993).) The employer has the burden to determine the amount of wages which may properly be withheld, to deduct that amount from the employee's earnings, and to pay the employee the balance. (735 ILCS 5/12—808 (West 1992); see generally Stotland, *Enforcement of Judgments*, in Creditors' Rights in Illinois ch. 3, § 3.10 (Ill. Inst. for Cont. Legal Educ. 1990).) The employer must file answers to the interrogatories showing the amount withheld on or before the return date. 735 ILCS 5/12—808(b) (West 1992).

■■ "Benefits and refunds payable by pension or retirement funds or systems" are "exempt" and not subject to deduction. (735 ILCS 5/12—804 (West 1992).) Section 12—811(b) of the Code provides that at any time prior to the return date the judgment debtor may request a hearing to dispute the wage deduction because the wages are exempt. (735 ILCS 5/12—811(b) (West 1992).) However, section 12—811(a) provides that "[t]he judgment creditor or the judgment debtor may contest the truth or sufficiency of the employer's answer ***. The answer *** may be contested without further pleading." (735 ILCS 5/12—811(a) (West 1992).) The statute does not provide a format for contesting the answer and does not prescribe a time frame in which this must be done.

■ In the instant case, petitioner did not challenge the garnishment on the ground that the funds were part of a pension or retirement program. Under section 12—811, such an objection would

have to be filed prior to the return date. Petitioner contended, however, that the amount withheld pursuant to the two garnishment orders exceeded the statutory maximum. Such a claim would appear to be properly brought under section 12—811(a), which does not impose a specific time limit. See *Libby Furniture & Appliance Co. v. Nabors* (1967), 86 Ill. App. 2d 381, 386 (if employee contends that judgment creditor is not entitled to deduction order, he may appear in proceeding and defend).

Requiring that such an objection be raised prior to the return date would be illogical. The statute places on the employer the duty to determine the proper amount to be withheld. (735 ILCS 5/12—808 (West 1992); *Markus v. Hart, Schaffner & Marx* (1936), 284 Ill. App. 166, 167.) The judgment debtor will not know the amount his employer will withhold until the answer is filed. Conversely, the judgment debtor will know as soon as the summons is issued whether the funds sought are the proceeds of a retirement or pension fund.

Although we have determined that petitioner need not have filed his objection prior to the return date, the question remains whether the filing of his motion to vacate on October 8, some $4 1/2$ months after the answer was due, was proper. Respondent contends that the trial court properly struck petitioner's motion because of his "misconduct" in representing to the court that he had no notice of the garnishment prior to May 27. We do not agree.

Initially, nothing in the statute indicates that petitioner's motion was untimely when filed. The Code provides no explicit time period in which to object to the garnishee's answer. Generally, a trial court may review, modify or vacate its interlocutory orders at any time before final judgment. (*Catlett v. Novak* (1987), 116 Ill. 2d 63, 68.) The final judgment in a garnishment proceeding is the turnover order. (Stotland, *Enforcement of Judgments*, in Creditors' Rights in Illinois ch. 3, § 3.16 (Ill. Inst. for Cont. Legal Educ. 1990).) Petitioner filed his motion before the court entered a final judgment requiring USAIR to turn over the funds to respondent. Under applicable principles, petitioner's motion was filed timely. Thus, whether petitioner had earlier notice of the garnishment proceeding was not material to any issue in the case.

If, as respondent now contends, the basis for striking the motion was the inclusion of an arguably false statement relative to an immaterial fact, the sanction was too harsh. We note that respondent did not properly advance this argument in the trial court. Respondent never filed a petition for sanctions pursuant to Supreme Court Rule 137 (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994). Thus, the trial court never made the ex-

plicit findings required by that rule to support the imposition of sanctions. (See Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994; *North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 790.) Moreover, the "sanction," if it was so intended, was too severe under the circumstances. In *Zander v. Whitney* (1993), 242 Ill. App. 3d 523, 537-38, the court held that striking count I of plaintiff's complaint based on plaintiff's "contradictory" testimony was unwarranted where the testimony in question was immaterial to the cause of action asserted in that count. The same result should obtain here. While we strongly caution against false pleading, petitioner made a false statement concerning a fact which turned out to be immaterial to the issue raised in his motion. Respondent never claimed that she suffered prejudice or inconvenience as a result of this allegedly false statement. Under these circumstances, the court's order striking petitioner's motion was not justified as a sanction.

■ Finally, since the cause must be remanded, we comment briefly on petitioner's assertion that the second garnishment could not be deducted if the total amount withheld exceeded the statutory maximum. Petitioner correctly cites *Commonwealth Edison v. Denson* (1986), 144 Ill. App. 3d 383, for the proposition that a judgment-creditor garnishment may not be added to a support-order garnishment if the total would exceed 25% of the employee's disposable income. (*Commonwealth Edison*, 144 Ill. App. 3d at 387.) Respondent presents no reason to depart from the rationale of that case, and we follow it here. After remand, if petitioner can demonstrate that the total amount withheld exceeds 25% of his disposable income, he is entitled to have the second garnishment abated.

For the foregoing reasons, the circuit court's order striking petitioner's motion and its order requiring the employer to turn over funds are vacated, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and PECCARELLI, JJ., concur.