In re MARRIAGE OF FRED W. SCHOMBURG, Petitioner-Appellant, and GAIL A. SCHOMBURG, Respondent-Appellee (The Law Firm of Nottage and Ward, Appellee).

First District (1st Division)   Nos. 1—92—2741, 1—92—3232 cons.

Opinion filed January 17, 1995.

---

[1]Justice O'Connor concurred in the disposition of this appeal before his retirement from the court.

Justice Braden replaced Justice Manning on the panel; he has read the briefs and listened to the tape of oral argument before concurring in the disposition of this appeal.

14

Paul R. Shuldiner, of Chicago, for appellant.

Rinella & Rinella, Ltd., of Chicago (Leslie L. Veon, of counsel), for appellee Gail A. Schomburg.

Nottage & Ward (Rosaire M. Nottage and Eunice M. Ward, of counsel), and Bell, Boyd & Lloyd (Francis J. Higgins, of counsel), both of Chicago, for appellee Law Firm of Nottage and Ward.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This is a consolidated appeal.[1] Petitioner, Fred W. Schomburg (Fred), appeals from orders of the circuit court of Cook County entered subsequent to entry of a judgment of dissolution of his marriage to Gail A. Schomburg (Gail). Fred appeals from the following orders of the trial court: a garnishment turnover order of June 2, 1992; an order of July 15, 1992, requiring Fred to post a bond; and an order of July 1, 1992, denying Fred's motion to reconsider the turnover order. On appeal, Fred contends that: (1) the trial court failed to comply with the statutory provisions of the garnishment act (735 ILCS 5/12—701 *et seq.* (West 1992)); (2) the trial court had no jurisdiction to enter the turnover order; (3) the trial court erred in denying Fred's motion to reconsider; and (4) the law firm of Nottage & Ward is liable for seizing statutorily exempt property under section 12—1005 of the Code of Civil Procedure (735 ILCS 5/12—1005 (West 1992)). For the following reasons, we reverse the decision of the trial court and remand this cause for new proceedings consistent with this opinion.

The following facts are relevant to this appeal. On March 4, 1992, prior to entry of a final order of dissolution of marriage, the trial court issued a temporary restraining order (TRO) enjoining Fred from withdrawing, spending, transferring, etc., any of the funds held in Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), RCMA account No. 626—5B94. Merrill Lynch froze the account on March 12, 1992, pursuant to the TRO. A judgment for dissolution of marriage was entered on April 10, 1991. Fred appealed from that portion of the judgment which directed him to pay attorney fees in the amount of $39,182.07 to his own counsel, Nottage & Ward, and the judgment was affirmed by this court in an unpublished order (No. 1—92—1520, April 12, 1993), pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23).

Nottage & Ward filed an action for nonwage garnishment and a summons was issued to Merrill Lynch, the garnishee, on April 20, 1992, returnable on May 11, 1992. Fred was served with the garnishment summons by mail at his address in Sequim, Washington. The record does not reflect that any appearance or response was filed on

---

[1] The background facts and the issues raised pertaining to the petitioner's appeal of the trial court's order finding him in contempt of court are severed from this opinion and discussed in a nonpublished order, pursuant to Supreme Court Rule 23 (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994), Nos. 1—92—2741 and 1—92—3232 (consolidated).

the return day by either Merrill Lynch or Fred. On May 26, 1992, Merrill Lynch filed a disclosure statement, acknowledging that it had been served with a garnishment on April 23, 1992, and that it did have at that time:

"a customer account in the name of Fred W. Schomburg, D.D.S. Orthodontics, Ltd. MP Pension #2, U/A 7/1/81, identified as RCMA account number 626—05B94."

The TRO expired on May 29, 1992. At that time, Fred's counsel objected to a preliminary injunction, arguing that the monies requested in the turnover were exempt by statute (735 ILCS 5/12—705, 12—1006 (West 1992)), and the trial court continued the hearing to June 2, 1992.

On June 2, 1992, Nottage & Ward appeared again on its garnishment petition, asked for a turnover order, and informed the trial court that Fred had waived his right to argue that the funds were exempt as being in a pension plan for failure to make a timely objection by April 27, 1992. Neither Fred nor any representative of Merrill Lynch appeared at the hearing. Fred's counsel argued that the case of *Jakubik v. Jakubik* (1991), 208 Ill. App. 3d 119, 566 N.E.2d 808, prevented garnishment of Fred's exempt "pension and financial account." There, the court determined that the garnishment of an Individual Retirement Account (IRA) to pay for the wife's attorney fees in divorce proceedings was improper. *Jakubik*, 208 Ill. App. 3d at 126.

The trial court distinguished *Jakubik* on the ground that the garnishment of the account in the present case was to pay for the husband's own attorney fees. The trial court found that Fred waived both his objections to the garnishment and his argument for exemption for failure to timely present such issues. The trial court concurrently entered the turnover order.

On June 10, 1992, Fred filed a timely motion to reconsider the turnover order. In response, Nottage & Ward filed a motion to strike and dismiss Fred's motion. A hearing on the motions commenced on July 1, 1992. At that time, the trial court denied Nottage & Ward's motion to strike. Fred did not appear in court. The trial court granted Fred's motion to reconsider to determine whether or not the subject account qualified for exemption status as a qualified retirement plan pursuant to section 12—1006 of the Code of Civil Procedure (735 ILCS 5/12—1006 (West 1992)) as required by the case *Auto Owners Insurance v. Berkshire* (1992), 225 Ill. App. 3d 695, 588 N.E.2d 1230. Fred's counsel offered to produce to Nottage & Ward documents from the Internal Revenue Service showing that the account was exempt. The trial court set a hearing on this issue for July 15, 1992. Nottage

& Ward argued that the granting of a hearing on reconsideration effectuated a stay of enforcement of the turnover order and therefore requested that Fred post a bond to secure the turnover judgment. The trial court ordered a bond of $40,000 to cover the amount of the turnover judgment.

At the scheduled hearing on July 15, 1992, Nottage & Ward notified the trial court that Fred had failed to appear for a scheduled deposition and failed to post bond as ordered by the court. Fred's counsel informed the court that the bond order was outside the court's authority because Fred had not requested a stay. The trial court stated that Fred's counsel would not be able to put on evidence regarding the exemption of the account unless a security bond was paid, and then continued the evidentiary hearing until July 24, 1992, allowing time for Fred to comply with the bond order.

On July 24, 1992, the trial court entered an order finding that Fred failed to post a bond, denying Fred's motion to reconsider the order of June 2, 1992, and directing Merrill Lynch to turn over the funds as garnished.

Fred appealed all of the above orders of the trial court in a timely manner on August 3, 1992.

On appeal, Fred contends that the trial court failed to comply with the provisions of the garnishment act. Fred argues that the trial court failed to afford him a hearing to show that his account was exempt from garnishment under sections 12—704 and 12—1006 of the Code of Civil Procedure.

■ Garnishment is a purely statutory remedy for the enforcement of a judgment, and to maintain a garnishment proceeding, a garnishor must meet all the requirements of the garnishment act. (*In re Marriage of Sloane* (1994), 255 Ill. App. 3d 653, 656-57, 628 N.E.2d 1198.) While the garnishor bears the burden of showing that the garnishee holds property belonging to the judgment debtor (*Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906; *Garvey v. Parrish* (1980), 84 Ill. App. 3d 578, 405 N.E.2d 1105), the burden is on the garnishee to establish any affirmative defense. *Liberty Leasing Co. v. Crown Ice Machine Leasing Co.* (1974), 19 Ill. App. 3d 27, 28, 311 N.E.2d 250.

Section 12—704 of the garnishment act provides as follows:

"Exemptions from garnishment. Benefits and refunds payable by pension or retirement funds or systems and any assets of employees held by such funds or systems, and any monies an employee is required to pay to such funds or systems are exempt and are not subject to garnishment under Part 7 of Article XII of this Act." (735 ILCS 5/12—704 (West 1992).)

Section 12—1006 of the garnishment act provides as follows:

"(a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, [26 U.S.C.A. § 1 *et seq.* (West 1988)] or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended. [40 ILCS 5/1—101 *et seq.* (West 1992).]

(b) 'Retirement plan' includes the following:

(1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan." (735 ILCS 5/12—1006 (West 1992).)

In *Auto Owners Insurance v. Berkshire* (1992), 225 Ill. App. 3d 695, 588 N.E.2d 1230, this court found that under section 12—1006, a debtor's interest in a pension is exempt from judgment for the satisfaction of debts if the retirement plan is intended in good faith to qualify as a retirement plan under the Internal Revenue Code or ERISA (29 U.S.C.A. § 1056(d)(1) (West 1985); 26 U.S.C.A. § 401(a)(13) (West 1988)), or is a plan created under the Illinois Pension Code. *Auto Owners*, 225 Ill. App. 3d at 697, 700.

■ Section 7—11 specifically affords the garnishee a right to an evidentiary hearing where the garnishment is contested:

"The judgment creditor may contest the truth or sufficiency of the garnishee's answer and the court shall immediately, unless for good cause the hearing is postponed, proceed to try the issues. The answer of the garnishee shall be considered denied without further pleading." (735 ILCS 5/12—711 (West 1992).)

Relying on *In re Marriage of Herrick* (1994), 267 Ill. App. 3d 131, Nottage & Ward responds that Fred failed to timely answer the garnishment summons and therefore waived his objection on the ground that the account was exempt from garnishment. In *Herrick*, this court noted that section 12—811 of the Code of Civil Procedure, pertaining to wage deductions, provides that at any time prior to the return date, the judgment debtor may request a hearing to dispute the wage deduction because the wages are exempt. (*Herrick*, 267 Ill. App. 3d at 134; 735 ILCS 5/12—811 (West 1992).) In *Herrick*, the garnishee did not contest the garnishment on the grounds of its exempt status, but the court noted that it would have had to do so prior to the return date (*Herrick*, 267 Ill. App. 3d at 135). Nottage &

Ward argues that section 12—711 requires that the garnishee file an objection on the grounds of exempt status within an identical time frame and that Fred failed to comply by failing to file an answer.

■ The argument of Nottage & Ward is unavailing. Preliminarily, we note that an amendment to section 12—711(b), containing the prefatory language "At any time on or before the return date, the judgment debtor may request a hearing to dispute the garnishment or to seek exemptions ***," did not become effective until January 1, 1993, five months subsequent to the trial court's order denying Fred's motion to reconsider. (Pub. Act 87—1252, § 12—711, eff. January 7, 1993.) The statute is thus silent as to when the garnishee must object based on exempt status, and under what circumstances, if any, such an objection is waived. We further note that section 12—711 does not provide a format for contesting the answer and does not prescribe a time frame in which this must be done. (See *Herrick*, 267 Ill. App. 3d at 135 (section 12—811 is similarly silent).) Section 12—711 does provide, however, that a hearing on the contest of the answer commence immediately.

In the present case, Nottage & Ward had the burden to show that the Merrill Lynch account was garnishable. However, the record shows that Merrill Lynch, the garnishee, filed a disclosure statement in response to the garnishment summons identifying the account as "MP Pension #2," thereby suggesting that the account was a pension fund exempt from garnishment under sections 12—704 and 12—1006 of the garnishment act. The disclosure statement further indicates that Merrill Lynch held the account in a corporate status, *i.e.*, "Fred W. Schomburg, D.D.S., Orthodontics Ltd.," and the record does not reveal that the corporation was served notice of the garnishment proceeding.

Although the record shows that the trial court scheduled a hearing to determine whether the Merrill Lynch account qualified for exemption under section 12—1006 as required by *Auto Owners Insurance*, the hearing never occurred. Instead, the trial court ordered that Fred post a bond equal to the amount of the fund as security and refused to hear evidence of the account's exempt status until such bond was posted.

■ A bond is properly ordered by a party (1) requesting a stay of a final judgment pursuant to section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1992)), and (2) appealing a money judgment under Supreme Court Rule 305 (134 Ill. 2d R. 305). In the present case, the bond was ordered not by a party appealing a final order, but by an adverse party, Nottage & Ward, as a sanction against Fred, and upon the trial court's indication that it would review Fred's

motion to reconsider. Under the circumstances presented here, we find that the trial court erred in requiring that Fred post a bond prior to having the opportunity to show in an evidentiary hearing that the account was intended in good faith to qualify as an exempt pension fund. We therefore reverse the judgment of the trial court and remand this cause for a hearing to ascertain whether the Merrill Lynch account is statutorily exempt from garnishment.

Because we reverse and remand this cause for a hearing, we need not reach the issue of whether sanctions should be imposed against Nottage & Ward under section 12—1005 of the Code of Civil Procedure for seizing exempt property. (735 ILCS 5/12—1005 (West 1992).) We do note, however, Fred's concession that at the time Nottage & Ward filed the garnishment action, it was ignorant of the fact that the account may have constituted exempt retirement monies.

For the reasons stated above, we reverse the judgment of the trial court and remand this matter for a hearing.

Reversed and remanded.

BUCKLEY and THEIS, JJ., concur.